TRINITY & BRAZOS VALLEY RAILWAY COMPANY v. G. W. KETCHEY.

Decided November 7, 1910.

**1.—Personal Injuries—Pleading and Evidence—Charge.**

The court's charge should submit only the issues raised by the pleading and evidence. In a suit by a car repairer against a railroad company for damages for personal injuries caused by the moving of the car under which the plaintiff was at work, charge considered and held erroneous in that it submitted issues not made by either the pleading or the evidence as to contributory negligence and discovered peril, and authorized a verdict against the defendant if the jury believed that the conductor or other train operatives were guilty of any negligence which resulted in plaintiff's injuries, without confining the jury to a consideration of the negligence alleged and proved.

**2.—Same—Omission in Charge—Special Charges.**

In a suit for personal injuries the trial court failed in its general charge to submit certain defenses relied on by the defendant; for the purpose of supplying the omission the defendant presented to the court a number of special charges bearing upon the defenses and giving prominence to each circumstance proven tending to support said defenses; the special charges were all refused; without assigning error upon the failure of the court to submit its defenses, the defendant predicates a separate assignment of error upon the refusal of each special charge. Held, the appellate court being unable to separate from the number of special charges any one that contains in itself a correct statement of the law, all of the assignments will be overruled.

Appeal from the District Court of Leon County. Tried below before Hon. S. W. Dean.

*Andrews, Ball & Streetman* and *Wilson, Dabney & Meachum,* for appellant.

No brief for appellee.

McMEANS, ASSOCIATE JUSTICE.—G. W. Ketchey, plaintiff in the court below, sued the Trinity & Brazos Valley Railway Company to recover damages alleged to have been sustained by him while in the employment of defendant in the capacity of car repairer. The defendant answered by general denial and pleas of assumed risk and contributory negligence. A trial before a jury resulted in a verdict and judgment for plaintiff for the sum of $2125, and from this judgment the defendant has appealed.

Appellant's first and second assignments of error complain of the refusal of the court below to grant a new trial, the contention being that the verdict and judgment were contrary to the great weight and preponderance of the testimony and without evidence legally sufficient to support the same.

Without setting out the substance of the evidence adduced upon the trial we think it sufficient for us to say that we have carefully examined the statement of facts sent up with the record and have concluded that the verdict was not without evidence to support it, and that it was not so against the overwhelming weight and preponderance of the testimony

as to be clearly wrong or as to indicate that the jury was actuated by some improper motive in reaching a conclusion. The assignments are overruled, as are also the several assignments based upon the refusal of the court to give to the jury appellant's several special charges requesting the court to instruct a verdict for defendant.

The court charged the jury as follows: "You are instructed that in occupying the position he did at the time he was hurt, if he was hurt, plaintiff was, as a matter of law, guilty of contributory negligence, and you will find your verdict for defendant, unless you shall believe from a preponderance of the evidence that defendant's employee, Galloway, was in charge of said plaintiff, and commanded plaintiff to go under the car to repair same at the time he did so; or unless you believe from a preponderance of the evidence that the said Galloway, or some other agent or employee of defendant operating and in charge of said train, knew the position of danger occupied by plaintiff in time to have prevented the injury to plaintiff by the use of the means and efforts that a man of ordinary prudence could and would have used under the same or similar circumstances, and believe that Galloway was guilty of negligence under the circumstances, or such other employees were guilty of negligence under the circumstances, and that such negligence, if negligence you find there was, was also directly the cause of the injury, and that but for the same the injury would not have occurred."

This charge is assailed by appellant in its twelfth assignment of error. The only allegations of negligence of defendant contained in plaintiff's petition are to the effect that while plaintiff was under a car, situated on a side track, attempting to effect certain repairs, the conductor in charge of a work train caused the train to be backed into the side track and against the car under which he was at work, thereby causing the injuries for which he sued, and that the defendant knew, or by the exercise of ordinary care could have known, that it was necessary for plaintiff to go under the car to repair it, and that the conductor at the time he backed his train against the car knew, or by the exercise of ordinary care could have known, that plaintiff was under the car, and that it was the conductor's duty to warn plaintiff of his danger and to inform plaintiff that he was about to back in on the side track before so backing, but that the conductor failed to give plaintiff such warning; that his injuries were "the direct and proximate result of the defendant's negligence in failing to warn him of his danger in working under said car, and in failing to inform him that said conductor was about to back his engine up against the south end of said train of cars on said siding in time for plaintiff to come from under said car under which he was working before said engine backed against said train of cars and thereby moved the cars under which plaintiff was working."

The evidence shows that plaintiff was injured between twelve and one o'clock in the day; that he had entered the employment of defendant as car repairer on the morning of that day; that for three days before the day of his injury he had, with the assistance of his wife, been keep-

ing a boarding car situated on another side track, and the men engaged in working at a sand pit near by and the crew of the work train boarded with him. That about 12:30 on the day of the accident the conductor of the work train, having superintendence and control of plaintiff in the discharge of his duties as car repairer, went to the boarding car where plaintiff then was and told him that he wanted plaintiff to repair some cars then on the side track while he, the conductor, was gone with his train to Concord, a station some three and a half miles distant. Plaintiff asked the conductor if he would have time to eat his dinner first, and received an affirmative reply. Plaintiff after eating his dinner procured the necessary tools and after ascertaining what was necessary to be done to the car went under it and proceeded with the repairs. It was shown that it was the custom at this place for all the workmen except the train crew to lay off from work during the hour from 12 to 1, and for this reason the train crew usually devoted this hour to switching of cars upon and over the side track, but plaintiff's knowledge of this custom was not clearly proved. Before the conductor started to Concord, and during the noon hour, he undertook the switching of some cars upon the side track in question and in doing this work the car under which plaintiff was at work was moved and plaintiff hurt in consequence. There was absolutely no proof that the conductor told plaintiff to go under the car or that he or the other train operatives knew that plaintiff was under or about the car, or that he or they discovered plaintiff and his peril before he was hurt.

In view of the pleadings and proof we think the charge complained of was erroneous in several particulars. First, we can not assent to the proposition that plaintiff in going under the cars at the time and under the circumstances he was there, was guilty of contributory negligence as a matter of law; but if he was, then the mere fact that the jury might believe that the conductor told him to go under the car to repair the same—and this was not proved—would not relieve him from the result of his act; second, there being no proof that the conductor commanded plaintiff to go under the cars to effect the repairs, but, on the contrary, the evidence showing affirmatively that no such command was given, the charge which instructed the jury that if such command was given it would relieve plaintiff of contributory negligence in going under the car, is without evidence in its support; and third, the portion of the charge which submitted the issue of discovered peril, also was not warranted by any pleadings or evidence in the case. The charge is also subject to the criticism that it authorized the jury to find for plaintiff if they believed that the conductor or the other train operatives were guilty of any negligence which resulted in plaintiff's injury, without confining the jury to a consideration of the negligence charged in the plaintiff's petition and established by the facts proved. The assignment raising the point is sustained.

Appellant's thirteenth assignment complaining of the seventh paragraph of the court's charge, must also be sustained. In this paragraph

the issue of plaintiff's contributory negligence in going under the car at the time he did, is submitted, but the jury are instructed that if they found that plaintiff was guilty of contributory negligence in that regard, then to authorize a finding in his favor it was incumbent upon plaintiff to prove that the conductor knew from statements made to him by plaintiff or from other facts and circumstances of the case, that plaintiff was under the car, thereby submitting an issue that was not raised by the facts proved. This paragraph of the charge was further erroneous in that it again submitted the issue of discovered peril, which, as before shown, was not warranted by the evidence.

As before stated, the defendant pleaded the defenses of assumed risk and contributory negligence of the plaintiff. The court failed in its charge, in any affirmative way, to require the jury to find whether the evidence established the existence of any facts which if true would in law establish either plea. The defendant, however, does not complain in any assignment of error of such failure, but presented to the court a large number of special charges bearing upon the defenses and giving prominence to each circumstance introduced tending to support the defenses pleaded, and predicates a separate assignment of error upon the failure of the court to give each charge. Manifestly it would have been improper to give all the charges asked, because to have done so would have given too much emphasis and prominence to the facts upon which the defenses rested. In Missouri, K. & T. v. McGlamory, 89 Texas, 639, the Supreme Court, after stating the correct rule to be that the defendant had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which would in law establish the plea, etc., says:

"This rule does not permit a litigant to annoy or confuse the jury by special charges upon the weight of or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleadings."

We have been unable to separate from the mass of special charges bearing upon the defenses stated, any one that contains in itself a correct statement of the law as applicable to the facts proved, and for that reason all the assignments in question are overruled. The court may, and doubtless will upon another trial, frame and give to the jury a proper charge presenting affirmatively the defenses pleaded in so far as the facts proved tend to establish them, or give a special charge properly drawn covering the same.

Because of the disposition we make of the appeal we deem it unnecessary to pass upon the assignment challenging the verdict as being excessive and the assignments based upon the alleged improper argument to the jury of the counsel for plaintiff. All other assignments which have not herein been specifically mentioned have been examined

by us and found to contain no reversible errors.   The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*