HANNES v. RAUBE. (No. 6052.)

(Court of Civil Appeals of Texas. Austin. March 5, 1919. Rehearing Denied April 16, 1919.)

1. APPEAL AND ERROR ⬅1067—PARTNERSHIP ⬅329 — TRIAL ⬅203(1) — INSTRUCTION — DEFENSE—GROUPING FACTS.

In an action for partnership accounting, it was material and prejudicial error to refuse to give defendant's requested special charge that profits were to be determined only upon business transacted before the purchase of plaintiff's interest by another, such purchase being clearly indicated by the evidence.

2. WITNESSES ⬅228 — MANNER OF TESTIFYING.

It is improper practice to permit a witness to testify by stating that, if another witness swore to a certain state of facts, such other's statement was not the truth; but each witness should testify to his own version of the facts.

Appeal from Lee County Court; John H. Tate, Judge.

Suit by Mrs. Annie Raube against F. Hannes. From judgment for plaintiff, defendant appeals. Reversed and remanded.

E. T. Simmang and P. J. Alexander, both of Giddings, for appellant.

Wm. O. Bowers, Sr., and Wm. O. Bowers, Jr., both of Giddings, for appellee.

BRADY, J. Appellee, Mrs. Annie Raube, as surviving wife and sole legatee of F. Raube, deceased, brought this suit against appellant, Frank Hannes, for an accounting and for recovery of one-half the profits of a wholesale beer agency at Dime Box, Tex.

It was alleged in the amended petition that F. Raube and Frank Hannes had operated said agency as partners from December 3, 1913, until November 12, 1914, the date of the death of F. Raube, that F. Raube left a written will, wherein appellee was made the sole legatee of his estate, and that, after the death of Raube, the appellee, as surviving wife and sole legatee, continued to operate and carry on the business and partnership affairs with Frank Hannes, until on or about March 22, 1915, when, by mutual agreement between appellant and appellee, the partnership business was dissolved and discontinued.

The case was tried before a jury on special issues, and, based upon the findings of the jury, the court rendered judgment against appellant for the sum of $492.90, from which judgment this appeal was taken.

The questions submitted to the jury and the answers thereto are as follows:

"Special Issue No. 1: Was there a full and final settlement of the partnership affairs existing between the plaintiff, Mrs. Annie Raube, the legal representative of the estate of F.

Raube, deceased, and the defendant, Frank Hannes, made on or about the 22d day of March, A. D. 1915? Your answer to this special issue will be yes or no, and a proper form for your answer is as follows: To special issue No. 1, we answer no.

"Special Issue No. 2: When did the partnership relations between the plaintiff, Mrs. Annie Raube, the legal representative of F. Raube, deceased, and the defendant, Frank Hannes, terminate? A proper form for your answer to this issue is as follows: To special issue No. 2 we answer that the partnership relation between the plaintiff and the defendant Frank Hannes, terminated on the 22d day of March, A. D. 1915.

"Special Issue No. 3: What was the total amount of the gross profits of the partnership between F. Raube and the plaintiff as the legal representative of the estate of F. Raube, deceased, up to the termination of the partnership relation? A proper form of your answer to this issue is as follows: To special issue No. 3 we answer that the gross profits of said partnership were $2,248.21.

"Special Issue No. 4: What were the expenses incident to the conduct of the business of said partnership up to the termination of the contract? A proper form for answer to this special issue is as follows: To special issue No. 4, we answer that the expenses incident to the conduct of said business up to the termination of the same was $1,262.40."

[1] Appellant has assigned several errors, but we have found only one assignment which we think shows reversible error, namely, the fourth assignment. This assignment urges that the court committed material error in refusing to give to the jury appellant's special charge No. 3, which was as follows:

"I instruct you that in determining the gross profits and net profits herein, you will do so upon the basis of business transacted between the date of the beginning of the partnership and the date of the purchase by Carl Raube of the wholesale business from his mother, Annie Raube. You will not consider any of the profits or losses arising from the partnership business between Carl Raube and Frank Hannes."

This charge was presented to the court, refused, and appellant duly took his bill of exception to the action of the court. We think it was material and prejudicial error for the court to refuse this charge, in view of the pleadings and the state of the evidence. Appellee, Mrs. Annie Raube, claimed an equal division of profits of the business for the entire period from December 3, 1913, when the original partnership began, to March 22, 1915. The undisputed evidence shows that there was a considerable period of time between the date of the death of F. Raube (which was November 12, 1914) and March 22, 1915, when Mrs. F. Raube was no longer a partner in the business and was not interested in the profits. Mrs. Raube testified that her son, Carl Raube, looked after her husband's business after he got sick and up to the time of his death, and after that he looked after the business for her until she sold out to her son, after which he conducted the business for himself. She did not state when she sold out her interest in the business to Carl Raube, but the latter testified that it was on January 1, 1915, that he bought out the business from his mother, and that thereafter, and until March 22, 1915, he operated the business in his name. A United States revenue license, dated December 9, 1914, issued in the name of Carl Raube for operating the business of wholesale dealer in malt liquor at Dime Box, Tex., was introduced in evidence, and tends to support the testimony of appellant, Frank Hannes, who testified that on that date he and Carl Raube formed their partnership, which continued to March 22, 1915. Appellant further testified that Mrs. Raube had nothing to do with the business after December 9, 1914, but that Carl Raube was his partner and had succeeded to her interest. This evidence is undisputed by any testimony in the record, except that, as above stated, Carl Raube fixed the date of the beginning of his partnership with appellant as January 1, 1915. It is true that Carl Raube testified that "the business between my father and Frank Hannes commenced December 3, 1914, and ended March 22, 1915"; but it is clear that this was a mistake, because the undisputed evidence shows that the partnership began in September, 1913, and that F. Raube died November 12, 1914.

The jury found that the partnership relation between appellant and F. Raube terminated March 22, 1915, and the profits found by the jury were computed up to such date. We are unable to explain these findings of the jury, except on the theory that the jury considered it "all in the family," and that they were authorized by the court's charge to find that the partnership relation between appellant and appellee continued up to March 22, 1915; and also that they should compute the undivided net profits up to that date.

There was no separation in the evidence or in the findings of the jury of the profits accruing to Mrs. Raube as surviving wife and legatee of F. Raube and the profits after she sold out to her son, Carl Raube. She was clearly not entitled to any of the profits accruing during the partnership between appellant and Carl Raube, since she had sold out her entire interest in the business to her son, yet the verdict of the jury and the judgment of the court awarded Mrs. Raube a share in the profits during a period when she was not a partner and not entitled thereto. The findings of the jury, in answer to questions Nos. 3 and 4, were evidently based largely upon the testimony of Carl Raube, whose statement of the gross and net profits of the business embraced the entire period up to March 22, 1915.

The court nowhere in its charge limited the recovery of profits to the period when F. Raube was a partner of appellant, and when appellee, Mrs. Annie Raube, as his successor, was interested in the partnership business. This demonstrates that, if appellant was entitled to have the above charge given, the refusal of same was highly prejudicial to his rights, and so materially erroneous as to be reversible error.

Our Supreme Court in the case of Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, held that a defendant is entitled to a charge, when properly and seasonably requested, requiring the jury to find whether the evidence establishes the existence of any specified group of facts which, if true, would in law establish a defense properly pleaded and made an issue by the evidence, and instructing them, if they find such group of facts to be established by the evidence, to find for the defendant. This rule has been followed in numerous decisions since, and it is now settled law that a defendant is entitled to have his defenses affirmatively presented upon a proper request.

In view of Mrs. Raube's claim for profits during the entire period from September, 1913, to March 22, 1915, during a period of which time she was not a partner, we think appellant was entitled to have the jury instructed that they could not consider any of the profits or losses arising from the partnership business of Carl Raube and Frank Hannes, and that they should restrict their findings to the period when F. Raube and his successor in the business, Mrs. Annie Raube, were partners with appellant.

For the error of the court in refusing to give this charge the case must be reversed.

In view of the probability of another trial, we think it proper to discuss some questions raised by other assignments, although not considered by us as reversible error.

In the second assignment, appellant complains of the refusal of the trial court to give a charge defining accord and satisfaction, and applying the definition to the facts claimed by appellant to show a full and final settlement of the partnership affairs.

While we do not approve the charge requested as correct, we think, under the rule above stated, that appellant would be entitled to a charge affirmatively presenting this defense, and grouping the facts upon which he relies to establish the same.

In other assignments appellant complains because the trial court permitted a witness to testify, that if appellant stated that the settlement made with the brewing association was also a settlement of the partnership affairs of F. Raube and Frank Hannes, such statement by appellant was not true, and also permitting another witness to testify that, if appellant swore that the partnership contract was signed at Dime Box, this statement was not true.

[2] We do not think it necessarily follows that such answers amounted to a statement on the part of the witnesses that appellant was lying, as contended by appellant's counsel, but we do think it is improper practice to permit witnesses to testify in this manner. They should be permitted to testify to their version of the facts, but not to state that, if another witness swore to a certain state of facts, it is not the truth.

In his last assignment, appellant complains of the refusal of the trial court to permit a witness to testify as to the cost of icing beer at Dime Box, Tex.; it being claimed that said witness was a wholesale dealer in ice, and familiar with the cost of icing beer at that point, and that the evidence tended to establish appellant's right to an item of credit for icing the beer belonging to the partnership. It is contended by appellee that there was no issue as to the allowance of this item.

We think it unnecessary to go to the record to settle this question, but think it proper to say that if, on another trial, there should be an issue as to appellant's right to this allowance and as to the amount thereof, and the testimony should be again offered, it should be admitted. It seems that appellant claimed credit for the actual cost of icing the beer, and the testimony of a witness having knowledge of this fact would be admissible as tending to establish the right to the allowance, where the amount is in dispute.

For the error pointed out in the fourth assignment of error, as above indicated, this case will be reversed and remanded for another trial.

Reversed and remanded.