MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY ET AL. V. A. C. MCGLAMORY ET AL

No. 438.—Decided June 4, 1896.

**1.   Charge of Court—Applying Law to Facts.**

Where the charge given correctly states the law on an issue, but does not apply it to the evidence, a party has a right (with proper limitations, for which see opinion), to prepare and have given a charge requiring the jury to find whether the evidence establishes the existence of any specified group of facts which if true would in law establish his plea and instructing them, if they find such group of facts proven, to find in his favor. (Pp. 637 to 639.)

**2.   Same—Contributory Negligence—Intoxication.**

Intoxication contributing to the injury being plead as a defense, the court correctly stated the law of contributory negligence and instructed the jury that they could take plaintiff's intoxication, if found as a fact, into consideration in determining whether he was guilty of contributory negligence, and that it furnished no excuse for a failure to exercise the care required of a sober man. Defendant, having requested a charge to the effect that if plaintiff was intoxicated and by reason thereof failed to exercise the care of a reasonably prudent person, and by such failure was injured, they should find for defendant, it was error to refuse such instruction. (Pp. 637 to 639.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Tarrant County.  The seventh instruction requested by de-

fendant on the trial, which is referred to in the opinion of the court, was as follows:

"The jury are instructed that it was the duty of plaintiff to exercise such care as a man of ordinary prudence would have exercised for his own protection and safety, and if the jury believe from the testimony that a man of ordinary prudence would not have stood on the track, but would have gotten off of same while standing, and that such failure to get off was negligence, which contributed to the accident, then in such event they will find for defendants."

The general effect of the evidence as to contributory negligence which is held sufficient to make the case, on that point, one for the jury, is sufficiently stated in the opinion to render the insertion of the details unnecessary.    The Court of Civil Appeals found the evidence on this point sufficient to support the verdict.

*Stanley, Spoonts & Thompson,* for plaintiffs in error.—The court erred in refusing to give special charge number 7, requested by these defendants.    The charge asked was pertinent, presented the law applicable to the facts, and should have been given.

It is not the duty of the court to give merely abstract definitions of negligence, but it should make the charge applicable to the facts in issue. Railway v. Hamilton, (Texas) 28 S. W. Rep., 906; Railway v. Shieder, 88 Texas, 166; Tel. Co. v. Jeanes, 88 Texas, 230.

The court erred in refusing to give special charge number 4, requested by these defendants.    It was the duty of the court to instruct the jury that if McGlamory was in such a state of intoxication that he was unable to exercise the degree of care and caution required of him, and that such condition contributed to his injury, he could not recover.    Same authorities.

*R. L. Carlock* and *J. T. Powers,* for defendant in error, McGlamory.—

The charge of the court on the questions of the negligence of the appellants, and the contributory negligence of the appellee was full, clear and explicit, covering fairly and clearly all the legitimate issues arising in the case.    It was therefore not error to refuse to give the special instructions asked by appellants, because most, if not all of them are confused and misleading, not containing correct propositions of law, singling out and giving undue prominence to isolated facts, while in so far as the same contains correct propositions of law they are substantially embraced and given in the main charge.    Railway v. Dyer, 76 Texas, 161; Railway v. Anderson, 76 Texas, 249; Railway v. Lee, 70 Texas, 501; Railway v. Porfert, 72 Texas, 349; Railway v. Box, 81 Texas, 674; Railway v. Nelson, 29 S. W. Rep., 78; Collins v. Dillingham, 26 S. W. Rep., 87; Railway v. Thompson, 2 Texas Civ. App., 174; Railway v. Duncan, 31 S. W. Rep., 565; Railway v. Waller, 56 Texas, 339-340; Beach on Con. Neg., 391; 71 Texas, 369.

The action of the District Court in refusing special charges will not

be revised, unless, when applied to the facts there is manifest injury to the party complaining. Dotson v. Moss, 58 Texas, 155; 2 Posey's Unreported Cases, 510.

Where the court has already submitted in its general charge the law generally applicable to the case, and a special instruction is asked, more particularly applying the law to some phase of the case, the court may rightly refuse such instruction if incorrect in any part. It is not the business of the trial court to revise or remodel special charges, and unless correct as an entirety when presented, they should be refused. Railway v. Shieder, 30 S. W. Rep., 907; Railway v. Danshank, 6 Texas Civ. App., 389; Beach on Con. Neg., sec. 7; Railway v. McCoy, 3 Texas Civ. App., 299.

Negligence and intoxication are not equivalent or interchangeable terms in law. Intoxication may furnish evidence of negligence, but is not necessarily negligence. An intoxicated man may act in a given case as carefully as any one, while on the other hand a sober man may act with the greatest indiscretion. Evidences from our common observation demonstrate the truth of these statements. Negligence is an end. Intoxication is a means to the end. To confound them would be both illogical in fact and in theory. Here lies the distinction. What the law concerns itself with in a case of negligence is the one and only recognized test, viz., the exercise of the care of a person of ordinary prudence under the facts of such case. If a man can satisfy this test, whether drunk or sober, he has met the law's requirements.

The question, however, is not an open one, being settled by authority, in accordance with the reason of the rule as above stated. Railway v. Reason, 61 Texas, 618; Railway v. Waller, 56 Texas, 339-40; Beach on Con. Neg., sec. 391; 4 Am. & Eng. Encycl. of Law, 78; 1 Shear. & Red. on Neg., sec. 93; Milman v. Railway, 66 N. Y., 644; Fitzgerald v. Weston, 52 Wis., 354; Loemer v. Sedalia, 77 Mo., 441.

DENMAN, Associate Justice.—McGlamory sued the Texas & Pacific Railway Co., the Missouri, Kansas & Texas Railway Co. and the Missouri, Kansas & Texas Railway Co. of Texas to recover damages for injuries alleged to have been inflicted upon him by defendants by negligently running an engine belonging to the two latter companies over him while he was standing on the track in the performance of his duties as car inspector in the yards used by said companies and others in Fort Worth.

One of the special pleas of defendants was to the effect that plaintiff should not recover because at the time of the injury he was in a state of voluntary intoxication which so proximately contributed to his injury but that for same he would not have been injured. There is evidence tending to support this special plea of contributory negligence so as to make it a question of fact for the jury.

With reference to this question, the court charged the jury: "A railway employe is bound to use in caring for his own safety while in such employment such care and prudence as a man of ordinary prudence

would exercise under like circumstances, and a failure on his part to use such degree of care and prudence would constitute negligence on his part, and in a case where such employe is injured while in such employment, if in receiving such injuries he himself is guilty of negligence as above defined and such negligence on his part, either of itself or concurring with the negligence, if any, of the railway company, is the proximate cause of such injuries so received by him, then he cannot recover against such railway company for such injuries. When such negligence of such employe as above defined, concurring with the negligence of the railway company, is the proximate cause of such injuries, then such negligence is called contributory negligence;" and "if you believe from the evidence that at the time he received the injuries or some of them complained of (if he received the same) plaintiff was in a condition of voluntary intoxication, then you have the right to take that fact into consideration in determining the question whether or not the plaintiff was himself guilty of negligence or of contributory negligence as hereinbefore explained to you. The law is that voluntary intoxication furnishes no excuse to a person for failure to exercise the same degree of care and prudence in caring for his own safety that is required of a perfectly sober man;" and "unless you believe from the evidence that on the occasion when plaintiff was injured he was not then and there himself guilty of contributory negligence, as hereinbefore explained, then you will find against plaintiff in favor of all the defendants."

The court refused to give a charge asked by defendants as follows: "If the jury believe from the testimony that at the time of the accident plaintiff was in a state of intoxication, and that such state of intoxication placed him in such a condition that he was unable and failed to exercise the caution and care required of him under the instruction heretofore given, and that by reason of such condition he was injured, then in such event he cannot recover."

The effect of the charges of the court above quoted was to inform the jury that the failure of an employe to exercise such care and caution in protecting himself from danger as an ordinarily prudent person would have exercised under similar circumstances constitutes negligence on his part; that if such negligence contributes proximately to his own injury, he cannot recover; that intoxication is no excuse for such negligence; that if in this case plaintiff was intoxicated when injured, the jury might consider such fact in determining whether he was negligent, and that unless they believed from the evidence that he was not guilty of contributory negligence, they should find for defendants.

In other words, it defines contributory negligence, informs the jury that such negligence on the part of an employe is a defense to his action, that upon the issue as to its existence they may consider his intoxication, and imposes upon him the burden of showing its non-existence. But the charge of the court nowhere undertakes to apply the law to the evidence adduced in support of said special plea of contributory negligence.

This being true, the correct rule is that defendants had the right to

prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which if true would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for defendants. And this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice. Railway v. Shieder, 88 Texas, 166.

This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading.

The special charge requested and refused conformed to the rule above stated in that it simply submitted to the jury whether they would find from the evidence adduced in support of the special plea of contributory negligence the following group of facts, (1) that plaintiff was at the time of the accident intoxicated; (2) that such intoxication placed him in such condition that he was unable and failed to exercise the care and caution that a reasonably prudent person would have exercised to avoid injury to himself under similar circumstances, and (3) by reason thereof he was injured; and instruced them that if they so found to render their verdict for defendants. We are therefore of the opinion that the court erred in refusing to give said charge.

As the case must be reversed for the error above, we do not feel called upon to examine the various objections urged to special charge No. 7 in the able argument filed in this court by counsel for defendant in error, for it is not likely that on another trial the same charge will be presented without amendment to meet such objections.

The opinion of the Court of Civil Appeals satisfactorily disposes of the questions therein discussed, and it would serve no useful purpose for us to undertake to add anything thereto.

We are of opinion that under the facts of this case the question as to whether plaintiff was guilty of contributory negligence was one for the jury. There is evidence tending to show that he was rightfully on the track in the performance of his duties; that it was not only the duty but the practice of the employes to keep the bell ringing on engines moving within the yards. We cannot say that the jury could not have found from these and the other circumstances that plaintiff was not negligent in relying, while occupied with his duties, upon the employes in charge of engines giving the usual warning of their approach. The application

in this case contains twenty-one assignments of error, most of which would seem to be without any foundation whatever, and in fact were not presented in argument by counsel for plaintiffs in error in this court.

It would seem that counsel might safely omit from their applications to this court assignments raising questions well settled against them, unless in exceptional cases where they deem it proper to ask this court to overrule some former decision.

For the error above noted the judgment will be reversed and the cause remanded.

*Reversed and remanded.*