INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. KING WASHINGTON.

Decided February 24, 1909.

Carrier—Assault by Passenger—Self-Defense.

A railway company is not liable for the act of its train porter in inflicting injury on a passenger in justifiable self-defense against assault. It was error to limit such right of defense against the passenger's attack to the exercise of that high degree of care to avoid injury to him which a very cautious and prudent person would have exercised under similar circumstances.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*King & Morris* and *Baker & Thomas*, for appellant.—If the appellant's porter acted in self defense the plaintiff was not entitled to recover. Railway v. Laprelle, 27 Texas Civ. App., 496. It would seem on general principles that if the party who actually caused the injury is free from all civil and criminal liability therefor, his employer must also be entitled to a like immunity. Railway v. Jopes, 142 U. S., 24. We cite as additional authorities in point: Railway v. Berger, 10 Am. & Eng. R. Cases (N. S.), 235; Hanson v. Railway, 16 Am. Rep., 406.

*Tom M. Hamilton* and *J. W. Cocke*, for appellee.—The court in its main charge having already fully charged upon the issue of self-defense affirmatively, from defendant's porter's standpoint, if there was any error therein in the degree of care exacted in avoiding injury to plaintiff while exercising said right of self-defense, same was invited and waived by defendant's express reference and adoption of same measure of care in the latter part of the requested charge. International & G. N. Ry. Co. v. Culpepper, 19 Texas Civ. App., 182; Railway Co. v. Sein, 89 Texas, 63; Railway Co. v. Botts, 57 S. W., 853; Railway Co. v. Crooks, 56 S. W., 1005.

KEY, ASSOCIATE JUSTICE.—In this case appellee recovered a verdict and judgment against appellant for $250, as damages for an as-

sault made upon him while a passenger by a porter on appellant's train. There was testimony tending to show that the plaintiff made an assault upon the porter with a knife, and that the porter acted in self-defense. On that phase of the case the trial court instructed the jury as follows:

"If you believe from the evidence that the plaintiff assaulted the defendant's said porter, and that said porter in repelling such attack struck the plaintiff and thereby injured him, and that in so doing he exercised that high degree of care to avoid injuring plaintiff hereinbefore charged to have been his duty; in other words, if you believe that he exercised that degree of care in repelling the attack which a very cautious and prudent person would have exercised towards plaintiff under the same or similar circumstances to avoid injuring him, then if you so find you will find for the defendant; but in this connection you are instructed that if you should find that plaintiff did make an assault upon defendant's porter, unless you find that said porter exercised that high degree of care to avoid injuring him in repelling said attack that a very cautious and prudent person would have exercised towards plaintiff under the same or similar circumstances, then you can not find for defendant under this paragraph."

Appellant requested, and the court refused, the following instruction: "If you believe from the evidence that defendant's porter was assaulted by the plaintiff with an open knife in his hand, and that the defendant's porter, in defense of himself and his person, struck the plaintiff with his fist, and that said porter did not use any more force or resistance than was necessary to repel plaintiff's assault, if any, and you believe that—which you may find he did—was necessary to repel said assault, if any, and that a person of ordinary prudence in the exercise of the care mentioned in the court's charge would have done as did defendant's porter in repelling the said assault, if any, you will find for defendant."

But one assignment of error is presented in appellant's brief, and it complains of the refusal of the requested instruction. We think appellant had the right to have the requested instruction given, because it would have presented the law of self-defense more specifically and affirmatively than did the court's charge. However, we are of the opinion that both the charges—the one given by the court and the one refused—placed upon appellant a greater burden than did the law. In New Orleans & N. E. Ry. Co. v. Jopes, 142 U. S., 24, which is quite similar to this case, the Supreme Court of the United States held that if the conductor of the railway acted in self-defense in shooting the plaintiff, who was a passenger, that the railway company was not liable, and that the doctrine of the high degree of care which applies in other cases when a passenger is injured had no application. In Galveston, H. & S. A. Ry. Co. v. LaPrelle, 27 Texas Civ. App., 496, this court recognized and announced the same doctrine. But if it should be held that by requesting the refused instruction appellant acquiesced in and adopted the degree of care mentioned in the court's charge, still the refused instruction constituted a more direct application of the law to the case as developed by the testi-

mony, and the court erred in refusing it.  (Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635.)

For the error pointed out the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>