MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. G. W. LOVELL.

No. 2791.    Decided May 12, 1920.

(221 S. W., 928.)

**1.—Certified Question.**

The Supreme Court has no jurisdiction on certificate of dissent in a case where the jurisdiction of the Court of Civil Appeals is final. (Rev. Stats., art 1620.) But the Court of Civil Appeals may certify a question of law to the Supreme Court in such a case, where it deems it advisable so to do, under Rev. Stats., art. 1619; or it may certify such question under art. 1623, on the ground of conflict in decisions of courts of Civil Appeals. (P. 548).

**2.—Negligence—Proximate Cause—Question of Fact.**

Where a horse got on the railway right of way through a gap negligently left in its fence, was driven by alarm at negligent use of steam, whistle, and bell to run across a bridge on the track, and in trying to recross it fell into such bridge and was injured, the question whether such negligence was a proximate cause of its injury was one of fact for the jury. (Pp. 547, 548).

Question certified from the Court of Civil Appeals for the Second District in an appeal from Clay County.

The judgment of the trial court was reformed on defendant's appeal, a dissenting opinion being filed. On motion to certify the question to the Supreme Court, the court, being doubtful of their right to do so, certified both that question and the question of proximate cause.

*Chas. C. Huff* and *Arnold & Taylor,* for appellant.—Where the undisputed evidence on the trial of a case shows that the animal in question, and for the injury to which damages are sought, entered

upon the culvert or bridge of a railroad company and is injured thereby, but that such injury is not the result of being struck by the defendant's train, engine or rolling stock, it is error for the court to render judgment for the plaintiff under such cicumstances, and the judgment should be in favor of the defendant because the defendant is not guilty of such negligence as would authorize a recovery against the defendant by the plaintiff. Art. 6603, Vernon's Stat.; 1 Ruling Case Law, p. 1175; I. & G. N. Ry. Co. v. Holly, 160 S. W. 990; G. H. & S. A. Ry. Co. v. Grace, 164 S. W., 413; M. K. & T. Ry. Co. of Texas v. Steger, 162 S. W., 1192; Railway Co. v. Meyer, 161 S. W., 12; S. A. & A. P. Ry. Co. v. Tamborello, 67 S. W., 926; Padgett v. Railway Co., 90 S. W., 67; Railway Co. v. Hughes, 68 Texas, 291; 4 App. C. C. (Willson) sec. 148; 3 App. C. C. (Willson) sec. 224.

*Wantland & Parrish,* for appellee.—Article 6603, Vernon's Sayles' Statutes, which denies recovery for animals injured on unfenced right-of-way unless struck by the engine or train, does not preclude recovery for an animal killed on the right-of-way where the company has failed to use ordinary care and has been guilty of negligence which resulted in the injury for which recovery is sought. Vernon's Sayles' Statutes, art. 6603; Railway Co. v. Dixon, 109 S. W., 978; G. C. & S. F. Ry. Co. v. Benaist, 122 S. W., 587; H. & T. C. Ry. Co. v. Harris, 3 App. C. C. (Willson) sec. 361; T. & P. Ry. Co. v. Mitchel, 4 App. C. C. (Willson) sec. 261; Southern Kan. Ry. Co. v. Cooper, 75 S. W., 329.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

According to the certificate, the suit of the plaintiff was for damages for the killing of one mare and injury to four other horses. The animals entered upon the defendant's fenced right-of-way through a gap or gate in the fence negligently left open by the defendant. While thus upon the right-of-way they were frightened by an unusual and negligent blowing off of steam, sounding of the whistle and ringing of the bell of a passing train, causing three of them to run through the fence at one place and the fourth to run upon a bridge of the defendant on the right-of-way.

The mare, the fifth animal, because of her fright either ran over the bridge or in some other way not made plain by the evidence, got beyond the bridge on the right-of-way; and after the train had passed, attempted to recross it, either to return to the pasture from which she had entered upon the right-of-way, or to re-join the other horses which had run through the fence into an adjoining enclosure. In attempting to cross the bridge, she became caught in it and was so injured as to necessitate her being killed.

Under this state of case there was a difference of opinion among the Justices of the honorable Court of Civil Appeals as to whether

negligence on the part of the defendant in permitting its right-of-way fence to be in such condition as to admit the animals upon the right-of-way or in frightening them with the whistle, steam or bell of the passing engine, could be considered the proximate cause of the injury and death of the mare, a majority of the court holding it could not be. A motion to certify the question both because of this difference of opinion and conflict between the holding of the majority and that of other Courts of Civil Appeals, was granted.

We are asked to determine whether this motion was properly granted. And if so, whether the holding of the majority upon the question was correct.

The Court of Civil Appeals had the authority to certify the question either under article 1619, because it deemed it advisable to do so, or under article 1623, because of probable conflict between its holding and that of other Courts of Civil Appeals, although the case was one of which its jurisdiction was final. Wallis v. Stuart, 92 Texas, 568; McCurdy & Daniels v. Conner, 95 Texas, 246.

In cases where the decision of the Court of Civil Appeals is final, we have no jurisdiction of a certificate of dissent. Herf v. James, 86 Texas, 230; Kidd v. Rainey, 95 Texas, 556.

The effect of the negligence of the defendant with respect to the condition of its fence was to place the animals within a narrow enclosure from which, on becoming frightened because of its further negligence in sounding the whistle and bell and blowing off steam from the engine, they would naturally seek egress, in a manner not necessarily careful of their own safety and probably in disregard of it. There was warrant, therefore, for a jury's concluding that the negligence of the defendant was responsible for the mare's getting to a place on the right-of-way beyond the bridge, separated from the other horses and away from the place to which she was accustomed. A jury could have reasonably concluded, in other words, that because of the negligence of the defendant the mare was placed in a position of possible danger if she attempted to re-cross the bridge.

The test of the question is, what would have been reasonably anticipated as the action of the mare in that situation? It could not have been reasonably expected that she would certainly remain where she was, or continue down the right-of-way away from the bridge. The more probable anticipation would have been that she would do exactly as she did—attempt by re-crossing the bridge either to rejoin the other horses, or return to the habitual place from which she had first strayed and then been driven away through her fright.

That was a natural thing for a horse in her predicament to do, and might, therefore, have been reasonably foreseen by the servants of the defendant to whose negligence her situation was due. The question was one of fact.