GULF, COLORADO & SANTA FE RAILWAY COMPANY v. CHARLES GORMAN.

No. 3314.   Decided December 6, 1922.

(245 S. W., 418.)

**1.—Certified Question—Jurisdiction.**

The Court of Civil Appeals is authorized by article 1619, Rev. Stats., to certify to the Supreme Court, when it deems it advisable so to do, a question of law arising in a case before it, though such case is one in which its own jurisdiction is final, as in those appealed from the County Court. Wallis v. Stuart, 92 Texas, 568; Missouri, K. & T. Ry. Co. of Tex. v. Lovell, 110 Texas, 546; Perry v. Greer, 110 Texas, 549; followed.   (pp. 151, 152).

**2.—Instructions to Juries—Distinct Issues—Requested Charge.**

An action for loss of a horse which died shortly after its transportation by defendant railroad presented two issues:   (1) whether if injured in transportation this was from the carrier's negligence; (2) whether the animal's death was due to anything arising from its transportation, or to sickness arising after and independently.   The instructions given, here considered, are *held* not sufficient to present the second defense clearly and affirmatively; and a requested charge doing so was improperly refused.   (pp. 152-154).

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from the County Court of Dallas County.

The Supreme Court referred the question submitted to the Commission of Appeals, Section B. The opinion of that body, being adopted by the Supreme Court, is certified to the Court of Civil Appeals as its answer.

*Terry, Cavin & Mills, Edward M. Browder, Frank J. Wren,* and *Charles L. Barrow,* for appellant, on motion to dismiss certificate: That the Supreme Court has no jurisdiction, on certificate of dissent, in a case within the final jurisdiction of the Court of Civil Appeals, Herff v. James, 86 Texas, 230. The case of Herff v. James, supra, was limited in Wallis, v. Stuart, 92 Texas, 568, 50 S. W., 567, to certificates of dissent and with such a limitation the case has been followed and cited with approval. Wilson v. Giraud, 111 Texas, 253; M. K. & T. Ry. Co. of Tex. v. Lovell, 110 Texas, 546; Perry, v. Greer, 110 Texas, 549; American National Ins. Co. v. Tabor, 111 Texas, 155; Walker v. Walter, 241 S. W., 524. In the present case the following paragraph appears in the certificate:—"Regarding the issue of law arising upon the appeal of importance; and the Judges disagreeing as to how it should be decided, we deem it advisable to certify the question set out below to the Honorable Supreme Court of Texas for adjudication." If the court should hold the certificate to be a certificate of dissent, then under the Statutes and the cases cited the Supreme Court is without jurisdiction to answer the question certified. The certificate in substance is a certificate of dissent. If there had been no dissent the question would not have been certified. The Judges of the court of Civil Appeals were agreed as to the Substantive Law. However, they were unable to determine which of two rules of law applied in this particular case. The two rules of law set out in the certified question are not in conflict. The certificate in substance is a certificate of dissent. The fact that it may be denominated otherwise cannot change the substance.

If the Supreme Court has no jurisdiction of a certificate of dissent in a case made final in the Court of Civil Appeals, then the Supreme Court has no jurisdiction of a certificate where deemed advisable in a case made final in the Court of Civil Appeals. Cole v. State, 106 Texas, 472.

The issue as to whether or not the animal in question died from disease or from injury was clearly raised by the evidence, and such issue not having been submitted to the jury in the court's charge, the special charge as requested should have been given. G. H. & S. A. Ry. v. Washington, 94 Texas. 510; T. & P. Ry. v. Dawson, 34 Texas Civ. App., 240. 78 S. W., 235.

*Louis Wilson, Goggans & Smedley,* and *B. O. Baker,* for appellee:— The defendant would be entitled, we think, upon a proper request, to group the several grounds relied upon as establishing his plea,

and which there was evidence tending to support in an affirmative form, but he cannot require the trial court to emphasize by special charge each separate fact constituting the group. Hines v. Hodges, 238 S. W., 349; Fort Worth Belt Ry. Co. v. Johnson, 125 S. W., 388.

We are fortified in these views by a very great number of cases which might be cited as illustrating the general rule that where the general charge or any other special charge given sufficiently presents the defense urged, it is not necessary for the court to give an additional requested charge thereon. Among other cases which we note sustaining this view are the following: Texas & Pacific v. Felker, 99 S. W., 439; G. C. & S. F. Ry. Co. v. Cunningham, 113 S. W., 767; Gulf Coast Transp. Co. v. Standard Milling Co., 197 S. W., 875; G. C. & S. F. Ry. Co. v. Crow, 220 S. W., 237.

MR. JUDGE POWELL, delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court on the following statement and certified question from the Honorable Court of Civil Appeals of the 5th District:

"Appellee sued appellant to recover damages for injury to a shipment of horses over appellant's railroad from Cleburne, Texas, to Ft. Worth, Texas, alleging that the horses were delivered to the carrier in good condition, but that one of the horses when delivered by the carrier had been injured, from which it died in a few days thereafter; also for expenses for care and medicine for said horse after delivery until its death. The value of the horse was $155 and the expenses run it up to $164.40.

"Suit was brought in the Justice Court, and judgment was there rendered for appellee. The cause was appealed to the County Court where appellant filed written answer containing general demurrer and general denial and specially denied any negligence in transportation and delivery in good condition of said horses and that if any of said horses died it was from some inherent nature, propensity or malady in said horses which was in no wise caused or contributed to by appellant in the handling of said shipment.

"A trial in the County Court resulted in a judgment for appellee, from which this appeal is taken.

"In deciding this case there was a division in the court as to an error alleged in the trial court refusing to give a certain special charge, the majority holding that the court erred in not giving the charge to the jury, and the minority holding that the case was sufficiently presented.

"The facts show that the appellee Gorman delivered in good condition five horses to the railway company at Cleburne, Texas, to be shipped to Ft. Worth, Texas. The horses were received by the rail-

way company and transported to Ft. Worth, and when delivered at Ft. Worth to Gorman one of the horses was injured and in a few days died from the effects of said injuries. The railway company contended that said horses were delivered by it to Gorman in good condition and that said horse died from some natural cause and there was conflicting evidence on this issue. In the general charge the trial court instructed the jury in substance that it was the duty of the railway company, in transporting live stock, to use that degree of care and prudence that an ordinarily prudent person would use under the same or similar circumstances to transport the same to its destination, and that failure to use such care and prudence was negligence, and that if the jury believed the horse in question was delivered into the exclusive care of the defendant in good and sound condition and was delivered at its destination in an injured condition, then the law presumes that such injury was caused by the negligence of the defendant in its transportation and that the burden of proof would be on the defendant to rebut such evidence, which might be done by showing that the defendant used ordinary care, as above set out, in handling the horse, or by proof of any inherent infirmity in the horse at the time it was delivered to the defendant for transportation. The court also instructed that if the jury 'believed that the horse was delivered to the defendant at Cleburne, Texas, in good and sound condition and that it was delivered at its destination in an injured condition, and that such injury, if any, was the proximate cause of its death, then the jury should find for the plaintiff against the defendant; unless it should find that the defendant transported said horse with ordinary care or that such injury was due to some inherent infirmity in said horse, in either of which cases it would find for the defendant.'

"Appellant, the railway company, asked two special charges, one of which was refused and it reads as follows: 'If you find and believe from the evidence adduced before you on the trial of this cause that the horse, for the value of which plaintiff sues herein, sickened and died without any act of negligence of the defendant railway company, proximately causing or contributing to the said sickness and death thereof, then and in that event you will return your verdict herein for the defendant railway company.' The refusal of this charge was excepted to and assigned as error. The other charge asked was given by the court, which reads: 'If you find and believe from the evidence adduced before you on the trial of this cause that the horse involved in this suit, for the value of which plaintiff sues, died or was injured from no act of negligence of the defendant railway company or of its employes in transportation and handling the same, then and in that event, you will find for the defendant railway company.'

"Regarding the issue of law arising upon the appeal of importance, and the Judges disagreeing as to how it should be decided, we deem it advisable to certify the question set out below to the Honorable Supreme Court of Texas for adjudication.

"Question 1. Did the general charge and the special charge given, as above shown, sufficiently present the issues raised; that is, did the horse die from injury inflicted by the railway company or did it die from natural causes; or does the refusal of the special charge fall within the principle decided in the McGlamory case, 89 Texas, 635, or is it covered by the rule that when the general charge and a special charge which is given sufficiently cover the issues raised, where two special charges are asked there is no error in refusing to give the other special charge?"

We are met, at the threshold of this case, by a motion filed by the railway company, asking that the certified question be dismissed. The proponent of the motion alleges a lack of jurisdiction in the Supreme Court because the case is one of which the Court of Civil Appeals has final jurisdiction.

The certificates shows that the Court of Civil Appeals *deemed it advisable* to submit this question to the Supreme Court. Such a submission is expressly authorized by Article 1619 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914, reading as follows:

"Whenever, in any case pending before the Court of Civil Appeals, there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided by the Supreme Court; and, during the pendency of the decision by the Supreme Court, the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted."

This statute was construed by the Supreme Court in case of Wallis v. Stuart, 92 Texas, 568, 50 S. W., 567. In that case, Chief Justice GAINES says: "The purpose of the amendment was not in any manner to restrict the power previously conferred, but to extend it to every case in the Court of Civil Appeals without any distinction whatever. The motion to dismiss is overruled, and we proceed to answer the question."

Counsel for the railway company argue that the opinion of Judge GAINES just quoted is unsound. We do not think so. Nor does the Supreme Court itself think so, if their very recent decisions are to be a guide. About two years ago, the opinion in Wallis v. Stuart, *supra*, was expressly approved by that court in two cases. See: Missouri, K. & T. Ry. Co. of Texas v. Lovell, 110 Texas, 546; 221 S. W., 929; Perry v. Greer, 110 Texas, 549, 221 S. W., 931. In the former case, Chief Justice Phillips says:

"The Court of Civil Appeals had the authority to certify the question either under article 1619, because it deemed it advisable to do so, or under article 1623, because of probable conflict between its holding and that of other Courts of Civil Appeals, although the case was one of which its jurisdiction was final. Wallis v. Stuart, 92 Texas, 568; McCurdy & Daniels v. Conner, 95 Texas, 246."

We think the motion to dismiss is without merit and recommend that it be overruled.

Should the trial court have given to the jury the railway company's special charge No. 2? It is the well settled law of this State that every question of fact material to the defendant's defense as pleaded, and which finds support in conflicting evidence, should, upon request, be submitted to the jury for their determination. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635, 35 S. W., 1058; Galveston, H. & S. A. Co. v. Washington, 94 Texas, 510; 63 S. W., 534; Colorado & S. Ry. Co. v. Rowe, 238 S. W., 908; Hutchenrider v. Smith, 242 S. W., 204.

The rules in this connection have been clearly and authoritatively stated by our Supreme Court in the McGlamory case, *supra,* as follows:

"In other words, it (the general charge) defines contributory negligence, informs the jury that such negligence on the part of an employee is a defense to his action, that upon the issue as to its existence they may consider his intoxication, and imposes upon him the burden of showing its non-existence. But the charge of the court nowhere undertakes to apply the law to the evidence adduced in support of said special plea of contributory negligence.

"This being true, the correct rule is that defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which if true would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for defendants. And this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice. Railway v. Shieder, 88 Texas, 166.

"This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts

which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading."

The railway company pleaded two defenses to this action: (1) That it was not guilty of any negligence in the transportation of the horse; (2) That it delivered the horse at destination in good condition and that it died later from a natural illness for which the company was in no wise responsible; that, if the jury found with the defendant upon either of these theories there would be no liability.

The appellant did not annoy the trial court with a lot of duplicating, confusing or overlapping charges. Its attorneys presented only two charges, one directed to each of above defenses, and each of which was based upon conflicting evidence in the record. The charge given was limited to the period ending with the delivery of the horse in Ft. Worth. The refused charge refers to the sickness and consequent death of the horse at any time, though it happened after the company had surrendered entire charge of the animal. We think the charges were entirely distinct and independent of each other. The views of the majority of the Court of Civil Appeals, in which we concur, are thus expressed: "The majority concede the rule just stated to be sound, but are of opinion that it is without force in the present case for the reason that the charge actually given is but an affirmative presentation of the issue of whether appellant was guilty of negligence in transporting the animal, while the charge refused was one which, under the rule in Railway v. McGlamory, 89 Texas, 635, 35 S. W., 1058, and many subsequent cases, applied the law to proven facts which if the jury believed would have entitled appellant to a verdict, and which the majority hold was ignored by the charge on which I rely and was not contemplated thereby."

Chief Justice RAINEY, dissenting, preceded above quotation with this remark: ('I do not disagree with the McGlamory case, but appellant having asked two charges practically covering one issue and one being given I think no injury has resulted and appellant is in no attitude to complain." He had also admitted that "the charge given was not quite as full and explicit as it might have been."

None of the Court of Civil Appeals judges thought the general charge was sufficient. In this, they were correct. It pre-supposes an injury during transportation, and delivery in that injured condition due to disease. It does not present the theory of disease which may have developed after delivery in good condition. Not only so, but the general charge presents the defenses in a negative way and intermingled with the plaintiff's right of recovery. It is not a clear, independent and affirmative presentation of the defense pleaded. The company was entitled to such a presentation, applying the law to the facts.

There is no complaint that the refused special charge was erroneous

in any respect. It is only insisted that it is surplusage. We cannot agree with this contention. It includes the theory of sickness which may have developed after delivery at destination. It includes the issue of proximate cause. It is a clear and correct charge to which the defendant was entitled, and upon an issue covered by no other charge. We think the majority of the Court of Civil Appeals correctly reversed and remanded the case because of the refusal of this special charge No. 2 requested by the company.

We recommend that the certified question be answered to the effect that the special charge in question should have been given to the jury and that its refusal was sufficient ground for a reversal of the judgment and remanding of the cause.

By the Supreme Court.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*