## LANCASTER et al. v. DAGGETT.
### (No. 7350.)

(Court of Civil Appeals of Texas. San Antonio.
April 22, 1925. Rehearing Denied·
May 13, 1925.)

**1. Trial ⬦215—Giving of general charge in connection with special issue held error.**

In action for damages to shipment of cattle, giving of general charge, in connection with special issue, that only such damage caused by negligence or unreasonable delay of carrier could be considered, and that total of all such elements of damages should not exceed total damage on account of negligence of carrier, *held* error, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

**2. Trial ⬦215—Charging generally, then instructing jury to find under proper issues as alleged and pleaded, held error.**

In action for damages to shipment of cattle, where jury was told to find, under proper issues, damage done to cattle as alleged and pleaded, action of court in charging generally that defendants would not be liable for any damage to cattle solely and proximately due to their inherent nature or weakness was error.

**3. Trial ⬦194(20)—Instruction limiting plaintiff's recovery to specified amounts identical with that plaintiff sued for held erroneous as being on weight of evidence.**

In action for damages to shipment of cattle, instruction not to find any more damages than stated sum, respectively, for dead and crippled cattle, for loss in weight, and for depreciation, which stated amounts represented the amounts that plaintiff sued for, *held* erroneous as being on weight of evidence, as jury may have believed court was intimating judgment for amount sued for.

**4. Carriers ⬦230(7)—Court held required to present issue as to poor condition of cattle, where such issue raised by defendant's pleadings and evidence.**

In action for damages to shipment of cattle, where defendant, by its pleading and evidence, raised issue that damages were proximately caused by condition of cattle at time of delivery for shipment, and that they were in poor and weak condition, and unable to withstand ordinary incidents of transportation, *held* that court should have submitted such issue to jury, especially where it had instructed jury as to amount they could find for damages.

**5. Carriers ⬦215(1)—Carrier not liable for damage to cattle resulting from ordinary handling.**

A carrier is not liable for damages to cattle during shipment which necessarily resulted in course of transportation between point of shipment and point of destination from ordinary handling, such as ordinary switching and confinement in cars.

**6. Carriers ⬦228(3)—Testimony that cattle were roughly handled all along route held inadmissible, where damage based on delay at specific stations.**

In action for damages to shipment of cattle in which plaintiff pleaded delays at certain designated stations and consequent injury to cattle because of such delays, *held* that it was error to permit testimony that cattle were handled roughly all along route.

**7. Carriers ⬦227(3)—Court can only submit to jury, and plaintiff can recover only on special acts of negligence pleaded and relied on.**

The court can only submit to jury and plaintiff can only recover on special acts of negligence pleaded and relied on to support cause of action for delay and injury to cattle shipment.

**8. Witnesses ⬦37(1)—Admission of shipper's testimony derived from account of sale made by carrier's bookkeeper held error.**

In action for damages to shipment of cattle, permitting shipper to testify from account of sale made by bookkeeper to show what cattle would have been worth on market at destination if properly handled *held* error, as against defendant's objection that witness was not testifying as to any matter within his own knowledge.

**9. Damages ⬦69—Trial ⬦340(5)—Adding of interest to jury's finding of damages held error; jury may add interest as part of damages.**

In action for damages to shipment of cattle, action of court in arbitrarily adding interest to jury's finding as to damages was error, though jury would have been authorized to add interest as part of damages had the question been submitted.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by Port Daggett against J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

Thompson, Barwise & Wharton and B. V. Thompson, all of Fort Worth, for appellants.

C. A. Wright, of Fort Worth, for appellee.

COBBS, J. Appellee sued appellants for alleged damages to a shipment of cattle moving from Toyahvale, Tex., to Fort Worth, Tex., over the lines of the Pecos Valley Southern Railway Company and over Texas & Pacific Railway Company of which J. L. Lancaster and Chas. L. Wallace were its receivers.

The Pecos Valley Southern Railway Company was eliminated from the case by appellee's amended pleading, and he proceeded to trial against the receivers of the Texas & Pacific Railway Company, which handled the shipment from Pecos, Tex., to Fort Worth, Tex.

Appellee's petition alleged that the cattle were delivered to the Pecos Valley Southern Railway Company at Toyahvale, and it received and accepted and undertook to transport said cattle to Fort Worth, Tex., and became bound to transport same, and that it, the said Pecos Valley & Southern Railway

Company, did transport same to Pecos, where it, the said Pecos Valley Southern Railway Company, delivered same to said receivers of Texas & Pacific Railway Company for said continued transportation, and that the appellants received and accepted same from said Pecos Valley Southern Railway Company for said continued transportation, "and undertook the final completion of said transportation in accordance with, in acquiescence with, and in recognition of the original undertaking, obligation, and engagement and contract of the said Pecos Valley Southern, and became bound to transport said cattle to their destination."

It was further alleged in appellee's petition as follows:

"That, had defendants transported same (meaning here receivers from Pecos) as usual, or within a reasonable time, or speedily and safely, said cattle would have moved out of Pecos that night (the night the Pecos Valley Southern got there) and reached Fort Worth and been unloaded during the night of December 10, 1922, or early morning of December 11th, and in time for sale on the market of December 11, 1922; and that, if they had been transported without negligence as well as within a reasonable time, said cattle would have been delivered at Fort Worth in good marketable condition, marketable appearance and weight, and sold for a good price, said cattle being in good condition when delivered to defendants. That, though part of the delay complained of was by the Fort Worth Belt Railway Company, said last named company is but a switching company for the delivery purposes at Fort Worth, and agent of defendants and a connecting carrier, hauling on said original obligation and undertaking, etc.

"But defendants unreasonably delayed said transportation failing to transport same within a reasonable time, unloading and causing said cattle to be unloaded at Pecos, all night, after received and accepted by them, though it was customary to pull them that night, and held them at Pecos till nearly noon, December 10th, and unreasonably delayed, holding said cattle in cars, confined, and while standing on tracks at Big Springs for eight hours, greatly to the injury of said cattle, and again at Weatherford, and at Beard, for three hours unreasonable and negligent delay and confinement, at each of said last two named places. That all said delays, including the one at Pecos, though for a good part of the time cattle were out of cars, were injurious to said cattle, holding them off their accustomed range and feed and confined in pens, and especially were the delays while standing in cars closely confined where they mill around and injure each other, as well as holding that much longer off market, negligent and injurious and unreasonable. That on account of said delays said cattle were held in cars about 40 hours, just before unloaded about 5 a. m. December 12, 1922, and were drawn, gaunt, etc., and depreciated in appearance, and worth less, and sold for less on the market, That all said conditions described about were augmented greatly by rough handling en route; defendants undertaking to haul said cattle with a train too long and insufficient power, and had engines grinding on grades, and jerking train, and running cars together at stops and starts, and negligently and unreasonably."

And appellee alleged that by virtue of that negligence one of the animals was dead and two crippled, to his damage $31; that the whole shipment was depreciated in marketable appearance, to appellee's damage $500; and was depreciated in weight to appellee's damage $220.80; and that he was also damaged in the amount of 6 per cent. interest per annum on each of said amounts, from December 11, 1922.

Appellants' answer contained general and special exceptions, general denial and special answer.

Defendants pleaded that the cattle in question were poor, weak, and thin at the time they were delivered to defendants at Pecos, and that the damages, if any, as alleged in plaintiff's petition, were proximately caused by such condition of the cattle.

The case was tried with a jury, who found the damages to be $350, and the trial court added thereto 6 per cent. interest from December 12, 1922, and entered a judgment in favor of appellee against appellants for $370.-50, with 6 per cent. interest from date of judgment.

As the pleadings are important to be considered in connection with appellants' issues and charges, the allegations have been set out quite fully, to the end that we will have a more full and better understanding of the case as we discuss the different propositions presented.

[1] The first proposition is that the court erred in giving a general charge "in connection with special charge No. 4 that they would consider only such depreciation in value per cwt. and such shrinkage in weight, and any damage on account of dead or crippled cattle, as were caused by the negligence or unreasonable delay of defendants, and that in estimating the amount of depreciation or loss in weight of the cattle, or dead or crippled cattle, the jury would see to it that the total of all such elements of damage so taken into consideration should not exceed the total damage on account of the negligence of defendants, and that the amount for deads and cripples should not exceed $31, or the loss in weight $220, nor the depreciation $500, as of December 12, 1922."

It is error for the court to give a general charge to the jury in connection with special issues. T. & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; article 1984a, Vernon's Sayles' Civil Statutes; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647.

It is the duty of the court, of course, to give to the jury explanations and definitions of legal terms used and necessary to enable the jury to understand the meaning of the

terms employed. Here the charges complained of were not explanations of legal terms used in other parts of the charges, but were such condemned charges as come within the denounced rule. This objection applies to a number of the charges other than the element of error apparent in the charge above referred to.

Appellants presented a number of requested charges embraced in propositions Nos. 5, 6, and 7, presenting their affirmative defense.

[2] We think the court erred in charging generally that defendants would not be liable for any damages to plaintiff's cattle that may have been solely and proximately due to the inherent nature of said animals or their inherent weakness. The jury were told then to find under proper issues the damages done to the cattle as alleged and pleaded, and under charges setting up the defendants' affirmative defenses. F. W. & D. C. v. Morrow (Tex. Civ. App.) 255 S. W. 675; Hines v. Hodges (Tex. Civ. App.) 238 S. W. 349; T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Hotel v. Fox, supra; G., C. & S. F. Ry. Co. v. Gorman, 112 Tex. 147, 245 S. W. 418.

[3] That portion of the charge not to find any more damages on account of deads and cripples than $31, and for loss in weight not more than $220, and for depreciation not more than $500, represented the very amounts that the plaintiff sued for. Lest the jury find damages for more than was sued for, the court limited them to the maximum amount sued for.

It is impossible for us to conjecture the reason for fixing this limit. Of course, we cannot understand the atmosphere surrounding the trial of the court or the "thought behind his brow." At any rate, it is on the weight of evidence, for the jury may have believed the court was intimating a judgment for the amount sued for, though the jury did not go the limit.

[4] The live stock contract described the shipment as 49 mixed beef cattle; 36 cows very poor and weak; 36 cows very poor and weak; 33 cows very poor and weak when loaded. At the time the cattle were delivered to appellants at Pecos they were poor, weak, and thin, and appellants pleaded that in such condition they were unable to stand the usual and customary transportation by railway from Pecos to Fort Worth, and, if they were damaged at all, as alleged in the petition, the damages proximately resulted from the condition of the cattle.

The appellants requested several special issues to the jury to find whether or not at the time the cattle were delivered for transportation they were poor, weak, and thin and in such condition as would render them unable to stand the usual, ordinary, and customary transportation by railway from Pecos to Fort Worth, and whether or not the damages alleged proximately resulted from the condition of the cattle at the time they were delivered to appellants at Pecos.

As the pleadings and evidence raised the issue that the damages were proximately caused by the condition of the cattle at the time they were delivered for shipment, and that they were in a poor and weak condition, and were unable to withstand the ordinary incidents of transportation, and being matters of affirmative defense, it was the duty of the trial court to present the issue to the jury, bearing in mind also that the court had instructed them as to what amount they could find for damages. Railway v. Crowley (Tex. Civ. App.) 214 S. W. 721. In the case of Wichita Valley Ry. Co. v Turbeville (Tex. Civ. App.) 269 S. W. 498, the court said:

"While the testimony of plaintiffs in the case tended strongly to show that all of the injuries suffered by the cattle resulted from rough handling alone, and while the charge given by the court submitted the specific issue of damages resulting solely from the negligence of defendants, yet, in view of the testimony introduced by the defendants noted above, and other testimony shown in the record tending to support the defenses embraced in the requested issues tendered and refused, the defendants had the right to an affirmative presentation of those defenses, even though the injury was instructed to limit their findings of damages to those resulting from the negligence of defendants alone. See M., K. & T. Ry. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; St. L. S. W. Ry. v. Hall, 98 Tex. 480, 85 S. W. 786; Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155; Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; Olds Motor Works v. Churchill [110 Tex. 103] 175 S. W. 785."

There are a number of such special charges covering the same question that should have been given such as those under propositions numbered 6 and 7.

[5] The court erred in not giving the charge set out by appellants in the eighth proposition that defendants cannot be held liable for damages that necessarily resulted in the course of transportation between the point of shipment and the point of destination from ordinary handling by the carrier, such as ordinary switching and confinement in the cars. Hines, D. G., v. Thornton (Tex. Cr. App.) 251 S. W. 523.

[6] Since the plaintiff pleaded the delays at Pecos, Big Springs, and Weatherford and the consequent injuries to said cattle on account of said delays, and the condition of the cattle as described was augmented greatly by rough and negligent handling en route by defendants hauling said cattle with a train too long and of insufficient power, with the engine grinding on grades and jerking the train and running cars together at stops and starts negligently and unreasonably, it was error to permit the witness Port Daggett

to testify that his cattle were handled roughly all along the route from Pecos, Tex., to Fort Worth. Wichita Valley Ry. v. Turbeville, supra.

[7] The court can only submit to the jury and the plaintiff can recover only on the special acts of negligence pleaded and relied upon to support the cause of action. Johnson v. Railway (Mo. App.) 233 S. W. 942; Gillespie v. Pryor (Mo. App.) 204 S. W. 835; Ry. Co. v. Pryor (Tex. Civ. App.) 238 S. W. 1040; Wichita Valley Ry. v. Turbeville, supra.

[8] It was error to permit the appellee, Port Daggett, to testify from certain data concerning account of sale, made by appellee's bookkeeper, to show what the cattle would have been worth on the market at Fort Worth, Tex., if they had been transported in the usual and customary time and in the usual and customary manner. The testimony was material, but appellants' objection to the same was that the witness was not testifying as to any matters within his own knowledge.

[9] Appellants complain of the action of the court in adding 6 per cent. interest to the amount of damages the jury awarded, as shown in the foregoing portion of this opinion. If the court had submitted the question to the jury, they would have been authorized to add interest as part of the damages, but that was not done; the court arbitrarily added interest to the jury's finding, and the same thus added constitutes error. Davis, Agent, v. Morris (Tex. Civ. App.) 257 S. W. 328.

For the errors pointed out by us as committed by the trial court in the trial of this cause, the judgment is set aside, and the cause is reversed and remanded for another trial.