**CAMPBELL v. JOHNSON.  (No. 727–4655.)**

(Commission of Appeals of Texas, Section B. Jan. 19, 1927.)

**I. Trial ⬯352(I)—Defense of contributory negligence on correct special issue should be presented affirmatively, and as applied to facts pleaded.**

In action for damages in automobile collision, defense of contributory negligence, on correct special issue, should have been presented affirmatively, and as applied to facts pleaded; submission in general way being insufficient.

**2. Trial ⬯350(7)—Special issue whether motorist approached place of collision at excessive speed held properly refused as submitting merely evidentiary matter.**

In action for damages to automobile from collision at street intersection, special issue as to whether plaintiff traveled at high, excessive, and dangerous speed in approaching place of collision *held* properly refused, because incorrectly drawn, since it submitted merely separate evidentiary matter.

**3. Trial ⬯350(7)—Special issue whether motorist used ordinary care in approaching place of automobile collision held properly refused as submitting evidentiary matter.**

In action for damages to automobile from collision, special issue as to whether plaintiff failed to use ordinary care for defendant's safety in approaching place of collision and at place of collision *held* properly refused, because incorrectly drawn, since it submitted merely separate evidentiary matter.

**4. Trial ⬯350(7)—Special issue whether motorist's failure to use ordinary care proximately contributed to automobile collision held properly refused as submitting evidentiary matter.**

In action for damages to automobile from collision, special issue as to whether plaintiff's failure to use ordinary care proximately contributed to cause of collision *held* properly refused because incorrectly drawn, since it submitted merely separate evidentiary matter.

**5. Trial ⬯350(7)—Special issue whether motorist swerved and circled at intersection where collision occurred held properly refused as submitting evidentiary matter.**

In action for damages to automobile from collision, special issue as to whether plaintiff's car swerved at corner of street intersection, and collided with side of front end of defendant's car, and then circled to southwest till it reached northwest corner of intersection, and turned over, *held* properly refused because incorrectly drawn, since it submitted merely separate evidentiary matter.

**6. Trial ⬯350(7)—Special issue whether motorist swerving car failed to use ordinary care to prevent collision held properly refused as submitting evidentiary matter.**

In action for damages to automobile from collision, special issue as to whether plaintiff, in swerving car to northwest at intersection, and running into defendant's car, failed to use ordinary care to prevent collision, *held* properly refused as incorrectly drawn, since it submitted separate evidentiary matter.

**7. Trial ⬯350(7)—Special issue whether plaintiff's lack of ordinary care to prevent automobile collision proximately contributed thereto held properly refused as submitting evidentiary matter.**

In action for damages to automobile from collision, special issue as to whether plaintiff's failure to use ordinary care to prevent collision proximately contributed to the collision *held* properly refused, because incorrectly drawn, since it submitted merely separate evidentiary matter.

**8. Appeal and error ⬯1062(2)—Failure to submit special issues on contributory negligence, if error, held harmless, where plaintiff was convicted of contributory negligence.**

Failure to submit special issues as to contributory negligence of plaintiff, whose automobile collided with defendant's, if error, *held*

harmless, where plaintiff was convicted of contributory negligence in issue submitted.

**9. Trial** ⊖⟹352(1)—**Defendant, entitled to have contributory negligence affirmatively presented, was entitled to have it presented in connection with proximate cause.**

Where defendant, in action for damages to automobile from collision, was entitled to have plea of contributory negligence affirmatively presented, he was also entitled to have such issues presented in connection with proximate cause.

**10. Husband and wife** ⊖⟹102—**Husband's separate property cannot be subjected to payment of damages for wife's torts.**

Separate property of husband cannot be subjected to payment of damages occasioned by torts of wife.

**11. Appeal and error** ⊖⟹173(2)—**Issue of exemption of husband's separate property from payment of damages of wife's tort cannot be first raised on appeal.**

Husband who did not, in trial court, seek exemption of his separate property from payment of damages for torts of wife, cannot raise such issue in Court of Civil Appeals.

Error to Court of Civil Appeals, of Fifth Supreme Judicial District.

Action by J. J. Johnson against E. V. Campbell. Judgment for plaintiff was affirmed by the Court of Civil Appeals (284 S. W. 261), and defendant brings error. Affirmed.

Chamberlain, Green & Wade, of Dallas, for plaintiff in error.

Wm. Cramer and Roger Lewis, both of Dallas, for defendant in error.

POWELL, P. J. The general nature and result of this case have been accurately stated by the Court of Civil Appeals as follows:

"J. J. Johnson sued E. V. Campbell for damages for injuries to his automobile, caused by collision with a car belonging to appellant.

"The collision occurred at the intersection of Abbott street and Mockingbird Lane in the city of Dallas, and, at the time, appellant's car was driven by his wife; appellee was driving his own car.

"Appellee alleged, in substance, that the collision occurred on account of the negligence of the wife of appellant. Appellant's defense was, the general issue and contributory negligence on the part of appellee.

"The jury found in response to special issues that the wife of appellant was guilty of negligence, proximately causing the injury, and that the difference in the cash market value of the automobile immediately before and immediately after the injury was $1,873.05; also that the reasonable cash value of the cost of the material and labor necessary to replace the damaged parts was $1,873.05.

"The jury also found that appellee on the occasion was guilty of contributory negligence, but that such negligence was not the proximate cause of the collision.

"On these findings the court rendered judgment in favor of appellee for the sum of $1,-873.05, from which this appeal is prosecuted.

"The findings of the jury in response to special issues as above stated were, in our opinion, authorized by the evidence and are adopted as our conclusions of fact."

The Court of Civil Appeals affirmed the judgment of the district court. See 284 S. W. 261.

In this case the writ of error was granted upon the third assignment in the application. Said assignment related to a ruling by the Court of Civil Appeals which was in apparent conflict with several decisions of the Supreme Court, as we shall hereafter show. In connection with that assignment, we quote from the opinion of the Court of Civil Appeals as follows:

"Appellant, in assignments Nos. 13 to 18, inclusive, complains of the court's refusal to submit to the jury, at his request, certain special issues on contributory negligence.

"In special issues Nos. 1, 2, and 3, refused by the court, the jury was requested to find whether or not appellee, in approaching the place of collision, was guilty of negligence in the speed at which he operated his car, and, if so, whether the same proximately contributed to the collision; and in issues 4, 5, and 6, refused by the court, the jury was requested to find whether or not appellee, on the occasion, negligently turned or swerved his car so as to collide with the car being driven by appellant's wife, and, if so, whether such negligence contributed to the collision.

"Appellant's plea, and the evidence adduced on the issue of contributory negligence, were sufficient, in our opinion, to require the giving of these charges, unless the submission of same was rendered unnecessary in view of the main charge of the court.

"The court defined contributory negligence as follows:

"'You are instructed that by the term "contributory negligence," as herein used, is meant that, while the plaintiff was operating the car in question he must exercise for his own safety that degree of care that would be used by a person of ordinary care and caution under the same or similar circumstances, and the failure, if any, to use such care would be contributory negligence.'

"The court also correctly defined 'proximate cause,' and submitted the following:

"Special issue No. 3: 'Was the plaintiff J. J. Johnson, guilty of contributory negligence on the occasion in question as that term is defined in this charge?' To which the jury answered, 'Yes.'

"Special issue No. 4: 'Was the contributory negligence of the plaintiff, if any, the proximate cause of the damage, if any, to plaintiff's automobile?' To which the jury answered: 'No.'

"The jury, in answer to the issue submitted by the court, having found plaintiff guilty of contributory negligence on the occasion, appellant could not possibly have obtained a more

favorable verdict if the requested charges had been given and answered in the affirmative. The further finding of the jury to the effect that the contributory negligence of appellee was not the proximate cause of the collision effectually determined that issue against the contention of appellant.

"We find no error in the court's refusal to give the special charges, in view of the issues on contributory negligence submitted in the main charge and the answers of the jury thereto."

In the main charge of the court, proximate cause was defined in general terms as follows:

"You are instructed that by the term 'proximate cause,' as it is used in this charge, is meant such a cause as would in a natural, unbroken, and continuous sequence, without the intervention of a new or independent cause, produce a result, and without which the result would not have occurred, and from which such result or some like result might reasonably have been foreseen or anticipated."

The first three special issues requested by plaintiff in error, and refused, read as follows:

"On the occasion of the collision in question was J. J. Johnson, in approaching the place of the collision, as well as at the place of the collision, considering all the circumstances and surroundings at or near the place of the collision, traveling at a high, excessive, and dangerous rate of speed? Answer this question 'Yes' or 'No.' Answer: ———.

"Special Issue No. 2: Did the plaintiff, J. J. Johnson, on the occasion of the collision in question, fail to use ordinary care in approaching the place of the collision and at the place of the collision in the amount of speed used by him in the operation of his car, for the safety of Mrs. Minnie Campbell and her car? Answer this question 'Yes' or 'No.' Answer: ———.

"Special Issue No. 3: Did the failure, if any, of J. J. Johnson, to use ordinary care, if he did fail to use ordinary care, in the matter of the speed of his car in approaching the place of the accident, as well as at the place of the accident, proximately contribute to cause the collision of the cars in question? Answer this question 'Yes' or 'No.' Answer: ———."

The next three special issues refused read as follows:

"Special Issue No. 4: Did J. J. Johnson's car, on the occasion of the collision in question, swerve to the northwest at or near the northeast corner of said intersection of said streets and run to and collide with the side of the front end of the Campbell car and thence circle to the southwest until his car reached the northwest corner of said intersection and turned over? Answer this question 'Yes' or 'No.' Answer: ———.

"Special Issue No. 5: If you have answered the ——— issue above by 'Yes,' then you will answer the following question, but, if you have answered the said ——— issue, 'No,' then you will not answer the following question: Did J. J. Johnson in swerving his car to the northwest at or near the northeast corner of said intersection, and running his car to and having the same collide with the Campbell car, fail to use ordinary care to prevent the collision in question? Answer this question 'Yes' or 'No.' Answer: ———.

"Special issue No. 6: If you have answered the last foregoing question, or ——— issue, 'Yes,' then you will answer the following question, but if you have answered said ——— issue, 'No,' then you need not answer the following question: Did such failure of the plaintiff, J. J. Johnson, to use ordinary care to prevent the collision in question proximately contribute to the collision? Answer this question 'Yes' or 'No.' Answer: ———."

[1-7] The defense of contributory negligence, upon a correct special issue, should have been presented to the jury affirmatively and as applied to the facts pleaded. The mere fact that it was submitted in a general way from the standpoint of defendant in error was not sufficient. See Mo., K. & T. R. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Gulf, C. & S. F. R. Co. v. Gorman, 112 Tex. 147, 245 S. W. 418; Ft. Worth & D. C. R. Co. v. Miller, 112 Tex. 350, 247 S. W. 503. But we differ with the Court of Civil Appeals in its conclusion that these special issues were correct. Rather, we think they submit merely separate evidentiary matters which, in a sense, may be said to constitute the depositions of the witnesses. Such charges came under the ban of the authorities we have just cited. We think these special issues were properly refused because incorrectly drawn. The main charge, as far as it went, was correct. There was no objection to that charge as given.

[8, 9] The Court of Civil Appeals says it is clear that these issues of contributory negligence should have been given as requested. But the Court of Civil Appeals holds that omission to be harmless, because Johnson was convicted of contributory negligence anyway. In this conclusion we agree. However, if the defendant in the trial court had been entitled to have his plea of contributory negligence affirmatively presented, it is equally true that he would have been entitled to have those issues affirmatively presented in connection with proximate cause. He had a right to have the jury say whether contributory negligence, as pleaded, was the proximate cause of the injury. It was not harmless error to refuse such issues which presented the theory of proximate cause in connection with the issue of contributory negligence. The issue of contributory negligence is incomplete without a finding as to proximate cause. The latter is just as important to a defendant as the former. Each should, upon proper request, be presented to the jury in an affirmative way, and as applied to the facts pleaded.

[10, 11] The Court of Civil Appeals correctly held that the separate property of the hus-

band cannot be subjected to the payment of damages occasioned by the torts of the wife. And, upon appropriate pleadings or request, seasonably filed, the judgment should exempt his separate estate. See Jackson v. Dickey (Tex. Com. App.) 281 S. W. 1043. But in this case the husband sought no such exemption in the trial court in his motion for a new trial. He cannot first raise the issue in the Court of Civil Appeals as he has attempted to do in his application here.

We have considered all the assignments in the application. We think the Court of Civil Appeals was correct in affirming the judgment of the trial court, although, in the respects noted, we have differed with the views of the Court of Civil Appeals with reference to the special issues refused.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.