[No. 2016.    Decided December 27, 1895.]

WILLIAM COCHRANE, *Appellant,* v. A. D. VAN DE VAN-TER *et al., Respondents.*

INJUNCTION—JURISDICTION OF LOWER COURT OVER JUDGMENT OF AP-PELLATE COURT.

The judgment of the supreme court in affirming a decision on appeal is final, and injunction will not lie to restrain the enforce-ment of its judgment, until the cause can be retried at the suit of the losing party.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.    Affirmed.

*Stratton, Lewis & Gilman,* and *E. S. Lyons,* for ap-pellant.

*Williamson & Franklin,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.— One the 22d day of November, 1890, the respondent Gunderson obtained a judgment against the appellant Cochrane for the sum of $500 and costs, with interest thereon from the said 22d day of No-vember, at the rate of ten per cent. per annum; from which judgment the said Cochrane appealed to this court.    Said appeal was dismissed and said judgment

affirmed with costs of said appeal to the respondent Gunderson. It may be in order to state that there were two attempts by. the appellant to sustain this appeal, both of which were denied by this court. After a petition for re-hearing had been denied and the remittitur returned from this court to the superior court affirming the judgment of the superior court, the appellant commenced an action in the equity department of the superior court of King county to restrain the respondents from carrying into effect the judgment of this court until the cause could be retried. To this complaint or petition the respondents demurred for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, upon which the appellant filed a bond to stay proceedings, and this is a motion to dismiss the appeal on the ground that this court has no jurisdiction of an appeal from the orders from which the appeal was taken, or an appeal from either of said orders. Respondents move the court to affirm said orders, and further move for damages to be paid by the appellant to the respondents, on the ground that such appeal was and is manifestly unauthorized by law, and that it was taken merely for delay.

We do not think it is necessary to pass upon the first contention of the respondents in their motion, viz., that the order appealed from is not an appealable order, for we think the second contention is fully sustained, viz., that the lower court had no jurisdiction of the subject matter of the action, and not having jurisdiction of the subject matter of the action, such jurisdiction could not be conferred by consent, even if the consent of the respondents could be gathered from the record. The latter proposition is so universally

accepted as the law that the citation of authorities is not called for.

As to the first proposition — the want of authority in the superior court to in any way interfere with the judgment of this court—it was decided by this court in the case of *State, ex rel. Wolferman v. Superior Court*, 7 Wash. 234 (34 Pac. 930), that the judgment of the supreme court upon an appeal from an equity cause, which by our statute is required to be tried *de novo* in the appellate court, cannot be modified by the superior court after the cause has been remanded. It was said by the court in that case:

"It is certainly questionable, and we very much doubt whether the superior court has authority to entertain any such petition in a law action, even, where an appeal has been taken to this court and a judgment rendered finally disposing of the case."

That case was decided on the theory that an equity cause brings to this court the entire case for a trial *de novo* upon questions of law and fact. The same reasons for holding that the judgment of the supreme court in that case should not be inquired into, qualified or set aside by the lower court attach in this case. If the petition of the appellant should be successful, the result would be a retrial of the original cause, and that was the identical question which was passed upon by this court on the motion for the affirmance of the judgment.

We held in *Davis v. Fields*, 9 Wash. 78 (37 Pac. 281), that an independent action or proceeding would not lie for the purpose of setting aside a judgment rendered in a former suit between the same parties, when the action was based upon the error of the court in setting aside a verdict in such suit, where no appeal was prosecuted in said former action. This is a

stronger case, for an appeal was attempted here and it was twice decided by this court that the appellant had not availed himself of the law which allowed him an appeal under certain conditions, and the judgment of the lower court was affirmed, becoming in effect the judgment of this court; and it seems that it ought not to be necessary to fortify with argument an announcement of the proposition that a judgment of the supreme court of a state could not be set at naught by any action of an inferior tribunal. If such practice were tolerated, nothing would be gained by an appeal to this court. The losing party could commence his action again in the superior court, and if the decision was against him, appeal to this court, and in case of failure here, commence another action, and so on *ad infinitum*, and the judgment of a court would represent the paradox of a benefit without value. The court below, then, having no jurisdiction, jurisdiction cannot be conferred upon this court to try the cause any farther than to affirm the judgment under the statute.

The motion will, therefore, be sustained, and the judgment will be affirmed with costs to the respondents.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.