[No. 7798.  Decided February 25, 1909.]

ZORA E. LOEPER, *Respondent*, v. W. F. LOEPER, *Appellant*.[1]

QUIETING TITLE—PLEADINGS—ISSUES AND PROOF—ACTIONS—RELIEF UNDER CROSS-COMPLAINT—VARIANCE.  Where a complaint by a wife for separate maintenance or a partition of real property is dismissed, and the cause is tried on the husband's cross-complaint seeking to quiet his title to separate property, a personal judgment against the husband is outside of the issues, there being nothing in the cross-complaint or reply to warrant it; and it is error to award the plaintiff affirmative relief.

APPEAL—RECORD—BILL OF EXCEPTIONS—NECESSITY.  Where there are no findings of fact and no bill of exceptions or statement of facts, error in awarding a party relief outside of the issues requires a reversal of the judgment.

COSTS—WHEN DISCRETIONARY.  Upon dismissing a complaint, and quieting defendant's title on a cross-complaint, costs to defendant are discretionary.

Appeal by defendant from a judgment of the superior court for Spokane county, Poindexter, J., entered April 9, 1908, after a trial on the merits before the court without a jury, granting the plaintiff a money judgment and quieting title in the defendant, in an action by a wife for separate maintenance or a partition of property.  Reversed.

*Danson & Williams*, for appellant.

*F. W. Dewart*, for respondent.

[1]Reported in 99 Pac. 1029.

RUDKIN, C. J.—A reference to the amended complaint in this case leaves one in doubt as to the exact nature or object of the action. It might be inferred, therefore, that it was an action by the wife for separate maintenance, or an action for a division or partition of community property, or a combination of the two. But inasmuch as the court below denied the relief demanded in the amended complaint, and no appeal has been prosecuted from that portion of its decree, the question becomes immaterial. In his answer and cross-complaint, the defendant alleged that he was the owner in fee of certain real property therein described, and prayed that his title thereto be quieted against the claims and demands of the plaintiff. The judgment of the court was as follows:

"That the plaintiff, Zora E. Loeper, is entitled to none of the relief as demanded in her amended complaint herein and that her said action is hereby dismissed.

"That the following described real estate, to wit: East half of Northwest quarter of Section 19, Township 24, North of Range 44 E. W. M., less Northeast quarter of the Northeast quarter of said Northwest quarter, is the sole and separate property of the said defendant, W. F. Loeper, and the title of said defendant in and to said real estate is hereby quieted and all clouds thereon by reason of any claim of plaintiff are hereby removed, but the said real estate is so decreed to be the separate property of the defendant on condition that the said defendant pay into the registry of this court for the said plaintiff $500, for which amount judgment is entered in favor of plaintiff and against the defendant, with interest from this date at the legal rate."

The defendant has appealed from the entire judgment and from that portion thereof awarding the plaintiff a personal judgment against him in the sum of $500. The case comes before us on the pleadings and the judgment roll.

The claim of the respondent was eliminated from the case by the judgment dismissing her complaint, and the only question for consideration here is the regularity and validity of the judgment entered on the cross-complaint, and more particularly that feature of it awarding a personal judgment to

the respondent.' We find nothing in the cross-complaint, or in the reply thereto, which consists of a general denial, to warrant the rendition of a personal judgment in favor of the respondent. The court might doubtless have granted the relief prayed for in the cross-complaint, either generally or conditionally, or it might have denied such relief *in toto*, but it could not properly award affirmative relief against the appellant, because there was nothing in the pleadings to warrant such action on its part. In other words, if the court found that the appellant was the owner of the property described in the cross-complaint, as his separate estate, and also found that the respondent or the community of which she is a member had some claim or lien against the property, it might doubtless have quieted the title in the appellant, on condition that he satisfy the adverse claim or lien. But under the pleadings, it could not award affirmative relief to the respondent. No findings of fact were made by the trial court, and there is no statement of facts or bill of exceptions in the record; so that this court can only look to the pleadings and judgment for guidance. From these we are unable to say that the court would have granted the appellant judgment quieting his title, independent of the payment to the respondent of the sum of $500, nor does it appear that he was entitled to such relief.

The judgment must therefore be reversed in its entirety in so far as the cross action is concerned, and it is so ordered. Appellant complains of the refusal of the court to award him costs in the court below, but that matter was entirely discretionary with the trial court. Reversed.

FULLERTON, CHADWICK, GOSE, DUNBAR, CROW, and MOUNT, JJ., concur.

ON PETITION FOR REHEARING.

[Decided May 1, 1909.]

PER CURIAM.—The opinion heretofore filed is modified to the extent that neither party will recover costs in this court. In all respects the petition for rehearing is denied.