[No. 8311.  Department Two.  January 12, 1910.]

Zora E. Loeper, *Appellant*, v. W. F. Loeper, *Respondent*.[1]

Appeal—Decision—Effect of Reversal—Judgment—Res Judication.  Where there were no findings of fact or bill of exceptions and no trial *de novo*, and judgment against the defendant was reversed for error in awarding plaintiff relief outside the issues, the cause stands for retrial and the decision is not res judicata.

Husband and Wife—Community or Separate Property.  Property acquired by the husband prior to his marriage, and to which neither the plaintiff nor the community contributed, is the separate property of the husband.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 9, 1909, upon findings in favor of the defendant, in an action to quiet title.  Affirmed.

*Frederick W. Dewart*, for appellant.

*Danson & Williams*, for respondent.

Mount, J.—This is the second appeal in this case.  When it was here before upon the appeal of the present respondent, the judgment was reversed.  *Loeper v. Loeper*, 51 Wash. 682, 99 Pac. 1029.  At that time we said:

"No findings of fact were made by the trial court, and there is no statement of facts or bill of exceptions in the record; so that this court can only look to the pleadings and judgment for guidance.  From these we are unable to say that the court would have granted the appellant judgment quieting his title, independent of the payment to the respondent of the sum of $500, nor does it appear that he was entitled to such relief.  The judgment must therefore be reversed in its entirety in so far as the cross-action is concerned, and it is so ordered."

The cross-action was one setting up the separate character of certain real estate, and to quiet title against the claims of the present appellant.  When the cause was remanded to the lower court, it was set down for hearing upon the allegations

[1]Reported in 106 Pac. 183.

of the cross-complaint. The plaintiff, who is now the appellant, objected to this, upon the ground that the lower court had no jurisdiction. This objection was overruled, and the court proceeded to the trial of the issues raised by the cross-complaint, found that the property in question was the separate property of the defendant, and entered a decree quieting title in defendant against the claims of the appellant, and the plaintiff now appeals.

The appellant argues that the judgment of this court is final and conclusive, and that the lower court was therefore without jurisdiction other than to enter such judgment as this court directed. This contention is no doubt correct where the case is tried here *de novo* and all the issues settled, as in the cases of *State ex rel. Wolferman v. Superior Court*, 7 Wash. 234, 34 Pac. 930, and *Cochrane v. Van de Vanter*, 13 Wash. 323, 43 Pac. 42, relied upon by the appellant. But on the former appeal the cause was not tried here *de novo*. It rested wholly upon a question of law. The facts were not brought here and no final adjudication was made upon the facts. The case was simply reversed "in so far as the cross-action is concerned." The simple reversal, without any order of dismissal, implied that the lower court should take some further action in the matter, and either grant or deny the relief demanded. The reversal merely set aside the judgment appealed from and left the rights of the parties undetermined. In the absence of a determination of the issues by this court, jurisdiction necessarily rested in the trial court to determine the issues raised by the cross-complaint. It was therefore not error for the trial court to determine these issues and pronounce a judgment thereon.

Appellant also argues that the court erred in finding that she had no interest in the property in question. But the evidence seems conclusive that the property in question was acquired by respondent prior to his marriage with appellant, and that neither the appellant nor the community con-

sisting of these two contributed anything to its improvement.

We think the judgment is in accordance with the evidence, and it must therefore be affirmed.

RUDKIN, C. J., CROW, and PARKER, JJ., concur.