M. G. PERRY ET AL. v. R. H. GREER.

No. 2792.   Decided May 12, 1920.

(221 S. W., 931.)

1.—Certified Question.

In cases where the decision of the Court of Civil Appeals is final the Supreme Court has no jurisdiction of a certificate of dissent; but the court may in such cases certify a question because deemed by it advisible, or because of conflict with other Courts of Civil Appeals.   (P. 550).

2.—Procedure—County—Court—Appeal from Justice Court.

Where a case in the County Court was within the jurisdiction of a Justice Court and the record indicated that it had been first tried therein, but contained no transcript of the proceedings there had, the proper order by the Court of Civil Appeals was, not to dismiss the appeal, but to reverse the judgment and remand to the County Court with direction to dismiss unless its jurisdiction was properly made to appear.   (Pp. 549, 550).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from the County Court of Denton County.

*Owsley & Owsley,* for appellants, cited: On jurisdiction: Rev. Stats., arts. 1589, 1590, 1591; Cole v. State, 170 S. W., 1038; First Natl. Bank v. Power, 163 S. W., 581; State ex rel. Dunn v. Thompson, 88 Texas, 223; Kidd v. Rainey, 95 Texas, 558; Herf v. James, 86 Tex. 230; Chicago, R. I. & G. Ry. Co. v. Dalton, 177 S. W., 563; Miller v. Mosley, 91 S. W., 649; Smith v. Wilson, 44 S. W., 672; Wilson Hdw. Co. v. Duff, 85 S. W., 786; Wilson v. Giraud, 195 S. W., 848; McColpin v. McColpin's Est., 74 S. W., 756; Coultress v. City of San Antonio, 108 Texas, 150.

On correctness of the order made: Ware v. Clark, 125 S. W., 6618; Brown v. McClendon, 121 S. W., 903; Broggins v. Holekamp, 68 S. W., 57; Southern Pac. Co. v. Burns, 23 S. W., 288; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 119 S. W., 224; City Natl. Bank v. Watson, 178 S. W., 658; Turnbow v. Bryant, 107 Texas, 563.

*Ross & Zumwalt,* for appellee.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The appeal to the honorable Court of Civil Appeals for the Second District was from a judgment rendered in the County Court upon a demand within the jurisdiction of the Justice Court.   There were indications in the record that the case had been first tried in the Justice Court, but there was omitted from the record any transcript of the proceedings in that court.   On the submission in

the Court of Civil Appeals this omission was called to the attention of counsel, but no effort was made by either party to supply it up to the time of the decision. Because of this condition a majority of the Court of Civil Appeals held that the judgment of the County Court should be reversed and the case remanded to that court with instructions to dismiss unless its jurisdiction was there legally shown. One of the Justices dissented from this holding, being of the view that instead of the court's ordering a reversal of the judgment and remanding of the cause, the appeal should be dismissed.

The case is one of which the jurisdiction of the Court of Civil Appeals, under article 1591, is final.

A motion to certify the question of the correctness of the court's judgment was made, both upon the ground of the dissent and conflict between the holding of the majority with that of other Courts of Civil Appeals. This motion was granted, upon both grounds as we interpret the certificate; and the question is here accordingly.

We are asked to determine (1) whether the Court of Civil Appeals erred in granting the motion to certify; and (2), if there was no error in granting the motion, whether the judgment of the County Court should have been reversed and the cause remanded, or the appeal dismissed.

In cases where the decision of the Court of Civil Appeals is final, we have no jurisdiction of a certificate of dissent. (Herf v. James, 86 Texas, 230, 24 S. W., 396; Kidd v. Rainey, 9 Texas, 556, 68 S. W., 507; but the court may in such cases certify a question because deemed by it advisable, or because of conflict with decisions of other Courts of Civil Appeals. Wallis v. Stuart, 92 Texas, 568, 50 S. W., 67; McCurdy & Daniels v. Conner, 95 Texas, 246, 66 S. W., 664.

The proper order was to reverse the judgment and remand the case to the County Court with the direction to dismiss it unless its jurisdiction was properly made to appear. Pecos & North Texas Railway Company v. Canyon Coal Company, 102 Texas, 478. The expressions used in Wells v. Driskell, 105 Texas, 77, with respect to "dismissing" the case were not intended to overrule the express holding in Pecos & North Texas Railway Company v. Canyon Coal Company.