### MYERS v. WOODRUFF. (No. 44.)

(Court of Civil Appeals of Texas. Eastland. Nov. 6, 1925.)

**Justices of the peace 146(1)—Decree of justice court sustaining defendant's exceptions held not to be final judgment and not to confer jurisdiction on county court.**

Judgment of justice court showing that court ordered, adjudged, and decreed that defendant's exceptions be sustained does not state a final judgment and on appeal to county court fails to show that latter court acquired jurisdiction over cause.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Action between S. D. Myers and C. P. Woodruff. Judgment for defendant in justice's court, and plaintiff appealed to county court, and from the judgment therein rendered Myers appeals. Reversed and remanded to county court, with instructions.

Beall, Beall & Beall, of Sweetwater, for appellant.

T. Vard Woodruff, of Sweetwater, for appellee.

LITTLER, J. It is not shown affirmatively from the record of this case that the county court ever acquired jurisdiction, that transcript from the justice court showing the following judgment:

"On this 23d day of July, A. D. 1923, the above styled and numbered case was duly called for trial. Whereupon plaintiff and defendant therein each announced ready for trial on the pleadings in the case. Whereupon plaintiff read his original petition and his first supplemental answer herein on file, and thereupon said defendant presented each his general exception and special exceptions therein made and contained. And the court, after hearing argument made by each plaintiff and defendant counsel therein, is of the opinion that each the general and special exceptions contained in defendant's original and first supplemental answer is well taken. It is therefore ordered, adjudged, and decreed by the court that each the said general exception and special exception should be and are hereby sustained as to both the issue of limitation and estoppel. To which judgment of the court plaintiff in open court excepted and gave notice of appeal in said cause from this court to the county court of Nolan county, Tex."

From the above judgment, it is plain that the county court never acquired jurisdiction over this cause. Neubert v. Chicago Ry. Co. (Tex. Civ. App.) 237 S. W. page 629; Hill et al. v. Nolan et al. (Tex. Civ. App.) 147 S. W. page 365; Darby et al. v. White (Tex. Civ. App.) 165 S. W. page 481; Johnson et al. v. Gibson Bros. (Tex. Civ. App.) 240 S. W. page 667; Perry et al. v. Greer, 110 Tex. 549, 221 S. W. 931.

The case is therefore reversed and remanded, with instructions to the county court to dismiss the appeal, unless a showing is made that a final judgment was entered in the justice court.