### FIDELITY LLOYDS OF AMERICA v. GOSSETT, Judge et al.   (No. 11635.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 27, 1926.)

1. **Appeal and error** ⬅️1178(6).

An appellate court may reverse a judgment and remand cause for purpose of determining one or more issues of fact.

2. **Appeal and error** ⬅️1176(6)—On failure of transcript to show that county court had jurisdiction, it became appellate court's duty to remand cause, with instructions to dismiss it, if jurisdictional facts did not appear, and, if they did appear, to try cause again.

Where, on appeal from judgment of county court, because of failure of record to contain transcript of record of justice court, transcript failed to show that county court had jurisdiction, and appellate court did not determine appeal on merits, it became duty of appellate court to remand cause to trial court, with instructions to dismiss cause, if jurisdictional facts did not appear, and, in case such facts did appear, to try cause again.

3. **Costs** ⬅️241—Costs of application for writ of prohibition to compel grant of new trial after reversal will be adjudged one-half against relator and respondents respectively, where they were both responsible for condition of record, by reason of which judgment was reversed (Rule 22 of Courts of Civil Appeals).

Where, on application for prohibition to compel trial court to grant new trial after reversal it appeared that both parties were responsible for condition of record, by reason of which judgment was reversed, *held* that, under rule 22 of Courts of Civil Appeals, costs will be adjudged one-half against relator and one-half against respondents.

Application for writ of prohibition by the Fidelity Lloyds of America to be directed to H. O. Gossett, Judge, and another. Writ issued, with instructions.

Phillips, Trammell & Chizum, and E. S. McCord, all of Fort Worth, for relator.

Julien C. Hyer, of Fort Worth, for respondents.

BUCK, J. In cause No. 11165, the Fidelity Lloyds of America v. H. E. Sawyer, 274 S. W. 666, this court heretofore, on May 9, 1925, reversed the judgment and remanded the cause to the county court, "with directions to that court to dismiss the case from its docket, unless its jurisdictional facts be legally shown." Upon the remanding of the cause to the county court for civil cases for Tarrant county, appellee H. E. Sawyer, one of the respondents here, filed a motion to dismiss the appeal from the justice court, the cause having originated in the justice court, and the defendant below, Fidelity Lloyds of America, filed an answer and a motion, alleging that S. D. Shannon, justice of the peace, rendered judgment for plaintiff and against defendant in the sum of $200 on a certain insurance policy, and that the defendant company gave notice of appeal to the county court for civil cases for Tarrant county, and within ten days thereafter defendant filed its appeal and supersedeas bond with good and sufficient sureties and duly approved, and that said S. D. Shannon, as justice of the peace, caused to be made up a transcript in writing from the justice court of the proceedings in that court, but that said transcript had become misplaced and lost, and defendant prayed that a copy thereof, alleged to be true and correct, and prepared by said justice of the peace in his official capacity, be filed. This motion was filed on June 30, 1925. On July 8th thereafter said two motions were again passed to August 31st. On the last named date, while both parties were before the court by their respective attorneys, said two motions were submitted to the court, and the judge of said court, Judge H. O. Gossett, entered the following order:

"On this the 31st day of August, 1925, came on to be heard the motion of plaintiff, H. E. Sawyer, in the above styled and numbered cause, to dismiss this case from the docket of this court in conformity with the mandate of the honorable Court of Civil Appeals filed herein, and it appearing to the court that the mandate of the Court of Civil Appeals for the Second Supreme Judicial District directed this court to dismiss the case from its docket, unless its jurisdictional facts be legally shown, and it further

appearing to the court that, since the filing of the said mandate in this court, and since the filing of plaintiff's motion, the original transcript from the justice court has been located and is now filed among the papers in this cause, the court finds that it had appellate jurisdiction from the justice court of this cause at the time judgment was rendered herein on the 19th day of November, A. D. 1923.

"Wherefore it is ordered, adjudged, and decreed by the court that this court had jurisdiction to try this cause and render the judgment heretofore rendered herein 'on the 19th day of November, A. D. 1923; that plaintiff's motion to dismiss be and the same is hereby overruled, and the judgment heretofore rendered on the 19th day of November, A. D. 1923, is in all things affirmed.' "

Heretofore, on February 9, 1926, relator, Fidelity Lloyds of America, filed an application for a writ of prohibition against H. O. Gossett and H. E. Sawyer in which were alleged substantially the facts as heretofore set out. It was further alleged that in rendering judgment, or in "affirming" the judgment theretofore rendered, the judge of the county court for civil cases for Tarrant county had acted without legal authority; that contrary to the mandate theretofore issued by this court, remanding the cause generally for a new trial, said respondent had arbitrarily and erroneously concluded that all he had to do was to "affirm" the judgment theretofore rendered; that said act was in excess of his jurisdiction; and that said order was not in legal contemplation a final judgment against relator, and at the time same was entered there existed no judgment against relator, nor at the time of the application for the writ of prohibition did there exist any final judgment against relator. Wherefore relator prayed that respondents Judge H. O. Gossett and H. E. Sawyer be cited to appear and answer herein.

The application was set down for argument, and oral argument has been had, and an answer has been filed by the respondents, and both relator and respondents have filed citation of authorities and written argument. The rule for determining the question as to whether the case shall be retried when it has been reversed and remanded by an appellate court is expressed in 4 Corpus Juris, p. 1239, as follows:

"As to whether the decision of the appellate court necessitates a new trial after remanded depends on the intention of the appellate court, and where there is doubt as to this, it is generally resolved in favor of a new trial. There is, of course, no doubt about the intention of the appellate court where it has specifically ordered a new trial; and, even where the appellate court has not specifically ordered a new trial, it is generally held that a new trial is intended and necessary where the case has been reversed and remanded generally, especially where the reversal was for error anterior to the verdict or for error in refusing to grant a new trial, or where the facts are disputed or were not brought up and passed on by the appellate court. So a new trial is intended and required where the appellate court directed that new parties be brought in, or where it reversed on the ground that there were no findings of fact or on the ground that the findings were not supported by the evidence. The affirmance of an order contains no provision for a new trial. A new trial should not be had where the appellate court has specifically directed the entry of a particular judgment, or where it has remanded the case generally after reversing for error committed after trial or verdict, as where the judgment does not conform to the verdict. Where the appellate court has unconditionally ordered a new trial, the lower court cannot make the payment of costs of the former trial a condition precedent to the new trial."

The contention of the respondent is expressed in the following words:

"From the standpoint of reason and justice, we do not believe that this honorable court could have intended that there should be a new trial of all of the issues in the case, because, first, the case was not reversed on account of any error committed by the trial court in the trial of the case, and, second, the omission from the record which caused the reversal of the case was due to the oversight and carelessness of the plaintiff in error, and to grant the plaintiff in error a new trial of the cause would amount to rewarding its oversight by granting to it the utmost relief that would have resulted from a decision in its favor upon the merits of the appeal."

In Wells v. Littlefield, 59 Tex. 556, 563, the Supreme Court reversed the judgment of the district court with instructions as follows:

"The judgment below will be reversed and the cause remanded, with directions to the court below to enter up such judgment in favor of the appellant, Marshall Wells, as under the law as announced by this opinion he was entitled to obtain upon the former trial of the cause."

Thereafter the district court, in obedience to said directions of the Supreme Court, rendered judgment as directed in said opinion, but later granted a motion for new trial and set aside said judgment. On the refusal of the district court to again enter judgment in favor of Marshall Wells in accordance with the mandate and opinion of the Supreme Court, Littlefield applied to the Supreme Court for mandamus to compel the district judge to obey the mandate of the Supreme Court. In passing upon this application, the Supreme Court, in the case of Wells v. Littlefield, 62 Tex. 28, said:

"But it is urged that the writ cannot be used in this instance because the Supreme Court cannot reverse and remand a cause except for a new trial upon all the issues in the case, both those which were and those which were not determined by the court in passing upon the appeal.

"This view seems to be based upon the language of our Revised Statutes, art. 1048, which provides that, 'when it is necessary that some matter of fact be ascertained, or the damages

to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.'

"This article is the same as that contained in the act in force at the time the Revised Statutes were adopted, with the exception that the words 'new trial in the court below' are used in the Revised Statutes, instead of the words 'definite decision' which occur in the former act.

"There is but little material variance between these two expressions, and in the case of Chambers w. Hodges, 3 Tex. 517, they were treated by Chief Justice Hemphill as having a similar meaning.

"We do not consider that by the use of the words 'new trial' it was meant that, no matter what might be the decision of this court, or how far it had settled the rights of the parties, in every case where a cause was remanded it should be reopened upon all the issues which could possibly arise in it, both those which were determined and those which were not by the decision of the Supreme Court. Examples readily occur in which this court may close investigation as to points passed upon in its opinion, but permit it as to others which it is necessary to ascertain, before a proper judgment disposing of the rights of the parties can be pronounced. For instance, in a suit for land where judgment has gone for a defendant who had pleaded improvements made in good faith. If that judgment is reversed, the court might well render its judgment decreeing the land to the plaintiff, but remanding the cause for the purpose of ascertaining the value which should be allowed the defendant for his improvements. For other instances, see Wood v. Wheeler, 7 Tex. 25, and Anderson v. Powers, 59 Tex. 213.

"The language of the statute itself seems to imply that the very facts which are wanting so as to prevent this court from fully disposing of the case are those which the new trial may be given to ascertain. At least that it would not be out of the power of the court to remand the cause for a definite finding of these facts alone."

[1] A peremptory writ of mandamus was ordered to issue by the Supreme Court requiring the district court to observe and obey the directions contained in the judgment in 59 Tex. 556, heretofore set out. That an appellate court may reverse a judgment and remand the cause for the purpose of determining one or more issues of fact is well established by the authorities. Marshall v. City of San Antonio (Tex. Civ. App.) 63 S. W. 138, 148; Shirley v. Waco Ry. Co., 10 S. W. 543, 78 Tex. 150. The trial court is required to obey the direction of the appellate court, and is limited in its further trial of the cause to the determination of the issues of fact therein specified. In Wells v. Littlefield, 62 Tex. 28, the Supreme Court said:

"So soon as the jurisdiction attaches under an appeal or writ of error, this court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. This jurisdiction continues until the case, as made by the appeal or writ of error, is fully determined by this court and its judgment is completely executed by the court below. If

the judgment below is affirmed, or reversed and rendered or reformed, this court can see that the party in whose favor its decision has been given has the benefit of all proceedings below necessary to enforce its judgment. If remanded for a new trial, it retains control until the new trial is allowed in accordance with its mandate. If reversed and sent down to have some special judgment rendered by the court below, jurisdiction remains till that particular judgment is entered up, and the mandate of the court obeyed. For the purpose of enforcing all such orders coming within the appellate jurisdiction of the court it may resort to the writ of mandamus, or any other appropriate writ known to our system of jurisprudence."

[2] In our opinion on the former hearing, we reversed the judgment below and remanded the cause by reason of the failure of the transcript to show that the county court had jurisdiction. There was no transcript of the record of the justice court in the record before us at that time, and, under the authority of the decision in Perry v. Greer, by the Supreme Court, 221 S. W. 931, 110 Tex. 549, and by this court in 223 S. W. 714, it became our duty to reverse the judgment and remand the cause for a new trial, with directions to the county court to dismiss the case from the docket, unless the jurisdictional facts be legally shown. The rights of the relator and Sawyer on the appeal were not determined by this court in its judgment of May 9, 1925. The effect of this court's decision then was that the record presented nothing for determination by it on the merits because no jurisdiction in the county court was disclosed by the record. In the absence of such a determination of the relator's rights by this court, it is clearly our duty to remand the cause to the trial court, with instructions to dismiss the cause if the jurisdictional facts did not appear, and, in case said facts did appear, to try the cause again. Loeper v. Loeper, 106 P. 183, 56 Wash. 647.

The writ of prohibition will issue, with instructions to the trial court to set aside the purported judgment rendered on August 31, 1925, and hold the cause of H. E. Sawyer v. Fidelity Lloyds of America on its docket for trial de novo.

[3] It appearing from admissions on oral argument that the transcript from the justice court was found by counsel for relator in his possession, and since primarily relator is responsible for the failure to have said transcript in the record, we feel that the relator should bear at least a part of the cost of this application. But the appellee in Fidelity Lloyds of America v. H. E. Sawyer was also responsible for the condition of the record on that appeal, because the obligation to see that the transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of district and county courts rests on the appellee as well as the appellant. Rule 22, Har-

ris' Rules, prepared by the Supreme Court for the guidance of courts of civil appeal. Therefore the costs will be adjudged one-half against relator and one-half against respondents.