### TEXAS & N. O. R. CO. v. GRAY.
### No. 1971.

Court of Civil Appeals of Texas. Beaumont.
May 22, 1930.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

Crabb, Marks & Smith, of Houston, for appellee.

### WALKER, J.

██ This is an appeal from the county court at law of Harris county to the Galveston

Court of Civil Appeals and duly transferred to the docket of this court. The case originated in justice court, and was by appellee against appellant to recover the sum of $159.-18 as damages to a shipment of cattle. The trial in county court resulted in judgment in favor of appellee for the relief prayed for. It appears on the face of the record that the case originated in justice court, but the record contains no transcript from the justice court, no appeal bond from justice court to county court, and no showing of any kind that a final judgment was ever rendered in justice court or that appeal was ever perfected from justice court to county court. On this statement we have nothing before us to show that the county court had jurisdiction of the case. The manner of showing jurisdiction in this character of appeals was fully explained by the Supreme Court in Wells v. Driskell, 105 Tex. 77, 145 S. W. 333. Where jurisdiction is not shown in the county court, Judge Phillips said, in Perry v. Greer, 110 Tex. 549, 221 S. W. 931, 932, that the proper order is:

"To reverse the judgment and remand the case to the County Court with the direction to dismiss it unless its jurisdiction was properly made to appear. Pecos & North Texas Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294. The expressions used in Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, with respect to 'dismissing' the case were not intended to overrule the express holding in Pecos & North Texas Railway Co. v. Canyon Coal Co."

That was the order made by this court in Grand Rapids Show Case Co. v. Richardson, 277 S. W. 803, and by the Fort Worth Court of Civil Appeals in Ballard v. Breigh, 262 S. W. 886, 891, and Fidelity Lloyds of America v. Gossett, 282 S. W. 843. In Wells v. Driskell, construing rule No. 1 for the Courts of Civil Appeals, it was held by the Supreme Court that the proper order was to dismiss the appeal when the transcript did not show affirmatively jurisdiction in the county court, but that this order should not be made until after notice to appellant. That ruling was followed by the Supreme Court in Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441, where a conflict was recognized between rules 1 and 22. However, the instruction given in Wells v. Driskell to dismiss the appeal was withdrawn by the Supreme Court in Perry v. Greer, as shown by the quotation we have just made from that case, and the Courts of Civil Appeals were instructed to reverse the judgment and remand, with instructions.

Evidently, on authority of Wells v. Driskell, supra, the appellant in Ballard v. Breigh filed motion asking permission to amend his transcript. Speaking for his court, Judge Buck overruled this motion, saying: "Appellee has filed a motion for rehearing, in which he rais-

es the question of jurisdiction of the trial court. It appears that the appeal bond from the justice court and the judgment of said court is not in the record, and it does not affirmatively appear that the county court had jurisdiction. Appellant filed a motion for certiorari to supply the mixed bond and judgment. Under rule 22 for the Courts of Civil Appeals, omissions in the transcript cannot be supplied after submission of the cause in the Court of Civil Appeals. Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Huling v. Moore (Tex. Civ. App.) 194 S. W. 188. Therefore appellant's motion to file supplemental transcript is overruled."

■ Whatever may be the abstract right of the appellant to amend his transcript to show the necessary jurisdictional facts in appeals of this character, Wells v. Driskell and Patrick v. Pierce would not sustain us in giving notice to appellee and granting him that right. These cases give the right to amend to appellant only, and that because under rule No. 1 the clerks of the Courts of Civil Appeals are required to give him notice of jurisdictional defects in his transcript. Appellee's rights would be governed entirely by rule 22, and under this rule omissions in the transcript cannot be supplied after submission in the Court of Civil Appeals. This was our holding in Grand Rapids Show Case Co. v. Richardson, supra.

On the conclusions stated, the judgment of the trial court is reversed, and this cause remanded, with instructions to the county court to dismiss the cause, unless jurisdiction in that court is properly shown.

Reversed and remanded, with instructions.