## HEADSTREAM v. MANGUM.

### No. 5271.

Court of Civil Appeals of Texas. Amarillo.

March 3, 1941.

Rehearing Denied April 7, 1941.

R. L. Graves, of Brownfield, for appellant.

McWhorter, Howard & Cobb, of Lubbock, for appellee.

JACKSON, Chief Justice.

On a former appeal from the County Court of Terry County this case was dismissed because appellant failed to file his brief in the time required by law.

On motion for rehearing he attempted to excuse his failure to prosecute the appeal with diligence and directed our attention to certain matters he claimed constituted fundamental error and which he requested this court to consider and determine. He did not justify his failure to file briefs and prosecute his appeal in his motion for rehearing nor did the matters he alleged constitute fundamental error.

■ We are not required when a case is dismissed for want of prosecution to search the record for fundamental error. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811. However, we did in our discretion examine the record and discovered that the case was a suit for damages, originated in the Justice Court, Precinct No. 1, of Terry County, Texas; that there was an attempted appeal to the county court but the record before us failed to show any judgment in the justice court, any appeal bond or any transcript showing the proceedings had in the justice court. This we held to be fundamental error in an opinion handed down June 26, 1939, reported in Tex.Civ.App., 129 S.W.2d 1155, and relying on Perry et al. v. Greer, 110 Tex. 549, 221 S.W. 931, and other authorities therein cited, we reversed the judgment of the county court and remanded the cause for want of jurisdiction and directed the county court to dismiss the case unless the jurisdiction of said court over the appeal of the case from justice court was shown.

No motion for a rehearing was filed by either party after this opinion was announced and no complaint made of such holding or the judgment entered thereon.

On November 1, 1939, the clerk of this court issued a mandate to the County Court of Terry County advising the judge thereof that the judgment of the county court had been reversed and the cause remanded and directed that further proceedings be had in accordance with the opinion of this court, a certified copy of which was attached to the mandate. Among other directions the trial court was instructed that unless the jurisdiction of the county court over the appeal from the judgment rendered in the justice court was shown the case should be dismissed.

After the mandate was returned the plaintiff below, W. R. Mangum, on May 20, 1940, filed a motion in the county court in which he sought to have the judgment rendered in his favor for $125 on February 25, 1938, on the verdict of a jury and from which the appeal was prosecuted, reinstated in accordance with the mandate of this court.

On the same day the court rendered a judgment on said motion and after reciting that both the plaintiff and defendant appeared he heard the evidence and argument of counsel, ascertained that a transcript

and proper appeal bond was filed and an appeal properly prosecuted from justice court and that at the time the county court rendered judgment on February 25, 1938, such court had appellate jurisdiction of such appeal and that the Court of Civil Appeals had dismissed the appeal on its merits because it did not appear that said court had jurisdiction. He therefore concluded that the cause should be finally adjudged on its merits; found he had jurisdiction to try the cause and enter the judgment theretofore rendered; granted the plaintiff's motion and reinstated and affirmed the judgment theretofore rendered.

On May 22, 1940, the defendant, Rex Headstream, filed a motion requesting the court to set aside the judgment theretofore entered on May 20th and grant him a rehearing in accordance with the mandate of the Court of Civil Appeals; sets out that the suit originated in the Justice Court of Precinct No. 1 in Terry County; that a judgment was obtained therein; that an appeal was prosecuted from such judgment to the county court in which judgment was rendered for the plaintiff for the sum of $125; that an appeal was prosecuted to the Court of Civil Appeals and the judgment of the county court reversed and the cause remanded for want of jurisdiction with instruction to the court to dismiss the case unless the the jurisdiction of the county court was shown; that because of the want of jurisdiction the Court of Civil Appeals did not pass or attempt to pass upon the merits of the case on the numerous legal questions involved in the merits, for which reason he was entitled to a new trial in the county court.

This motion was overruled and from such action and the judgment of the court reinstating the judgment rendered in the trial court on February 25, 1938, this appeal is prosecuted.

The record discloses that the former trial was had before a jury and upon findings on special issues W. R. Mangum obtained a judgment against Rex Headstream on February 25, 1938, for damages in the sum of $125 occasioned by the negligence of the defendant resulting in injuries to plaintiff's wagon and team.

The record shows that no testimony was heard on plaintiff's motion to reinstate such judgment except the transcript and appeal bond from the justice court which the judge found was sufficient to give the county court appellate jurisdiction of the judgment in justice court.

The only question presented to this court for determination is whether or not the trial court erred in reinstating and affirming the judgment rendered on February 25, 1938, without hearing any testimony except on the question of jurisdiction and refusing appellant a new trial on the merits.

We did not pass on the merits of the controversy in the former appeal. For want of jurisdiction we reversed the judgment of the trial court and remanded the cause to the County Court of Terry County with directions that such court dismiss the case unless its appellate jurisdiction was made to appear.

The trial court obviously understood that the judgment was reversed and set aside, otherwise, there would have been no necessity of reinstating and in all things affirming said judgment. We directed the trial court to ascertain whether or not it had acquired appellate jurisdiction over the judgment in justice court and if it did not to dismiss the case but, manifestly, we intended if the court determined it did have appellate jurisdiction Rex Headstream, the appellant here, was entitled to a new trial in the county court on the merits. 3 Tex. Jur. 1313.

In 5 C.J.S., Appeal and Error, 1547, § 1986, the author says:

"Whether the decision of the appellate court necessitates a new trial after remand depends on the intention of the appellate court, any doubt as to which is usually resolved in favor of a new trial.

"No doubt exists as to the intention of the appellate court if it has specifically ordered a new trial; but even without such specific order it is usually held that a new trial is intended and necessary where the case has been reversed and remanded generally without directions to the contrary. This latter is particularly true where the reversal is for an error anterior to the verdict, error in directing a nonsuit, error in refusing to grant a new trial, or where the facts are disputed or were not brought up and passed on by the appellate court."

In Fidelity Lloyds of America v. Gossett, Judge et al., 282 S.W. 841, 843, the Court of Civil Appeals of Fort Worth, in passing upon the precise question presented to us, says: "In our opinion on the former hearing, we reversed the judgment below and remanded the cause by reason of the failure of the transcript to show that the county court had jurisdiction. There was no transcript of the record of the justice

court in the record before us at that time, and, under the authority of the decision in Perry v. Greer, by the Supreme Court, 110 Tex. 549, 221 S.W. 931, and by this court in 223 S.W. 714, it became our duty to reverse the judgment and remand the cause for a new trial, with directions to the county court to dismiss the case from the docket, unless the jurisdictional facts be legally shown. The rights of the relator and Sawyer on the appeal were not determined by this court in its judgment of May 9, 1925. The effect of this court's decision then was that the record presented nothing for determination by it on the merits because no jurisdiction in the county court was disclosed by the record. In the absence of such a determination of the relator's rights by this court, it is clearly our duty to remand the cause to the trial court, with instructions to dismiss the cause if the jurisdictional facts did not appear, and, in case said facts did appear to try the cause again. Loeper v. Loeper, 56 Wash. 647, 106 P. 183."

While not authority for the question here involved, we cite the holding in Farmers' Mill & Elevator Co. v. Hodges et al., Tex.Com.App., 260 S.W. 166.

The judgment is reversed and the cause remanded.