# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEPHEN KERR EUGSTER,<br><br>                Appellant,<br><br>        v.<br><br>COURT OF APPEALS OF THE STATE OF WASHINGTON, DIVISION THREE, regarding No. 34545-6 III; GEORGE B. FEARING; ROBERT LAWRENCE-BERREY; and REBECCA L. PENELL,<br><br>                Defendants,<br><br>WASHINGTON STATE BAR ASSOCIATION, a legislatively created Washington association; and PAULA LITTLEWOOD, executive director, WSBA in her official capacity; DOUGLAS J. ENDE, director of the WSBA Office of Disciplinary Counsel, in his official capacity; and FRANSCESCA D'ANGELO, disciplinary counsel, WSBA Office of Disciplinary Counsel, in her official capacity,<br><br>                Respondents. | No. 81436-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Eugster appeals sanctions and fees awarded in favor of the WSBA after he voluntarily dismissed the underlying suit. The trial court found the suit frivolous. We affirm and award the WSBA fees for this appeal.

FACTS

On April 10, 2018, Stephen Eugster brought suit in Spokane County Superior Court against the Washington State Bar Association (WSBA), the Washington Court of Appeals, Division III, and others.

Eugster's suit sought declaratory judgment that portions of this court's opinion in Eugster v. Wash. State Bar Ass'n, 198 Wn. App. 758, 794, 397 P.3d 131 (2017) (Eugster VI), were invalid because the court lacked jurisdiction. In that case, Eugster brought suit under 42 U.S.C. § 1983, alleging that the WSBA's disciplinary proceedings against him deprived him of his civil rights. Id. at 767-68. The trial court dismissed the suit, holding that it lacked subject matter jurisdiction. Id. at 771. Eugster appealed. Id. This court held that the superior court had subject matter jurisdiction, but affirmed dismissal on the alternative ground that Eugster's claims were barred by res judicata. Id. at 782, 794. Eugster moved for reconsideration, arguing in part that the court had jurisdiction to hear only the issue of subject matter jurisdiction, and so lacked jurisdiction to rule on the res judicata issue. We denied the motion. In this suit, Eugster sought a declaration that only the portion of Eugster VI that affirms subject matter jurisdiction is valid.

All defendants moved to dismiss the suit, and requested fees. Eugster moved to withdraw the suit. The trial court granted Eugster's motion. The WSBA filed a new motion for sanctions and fees against Eugster. The Court of Appeals did not file a new motion for sanctions or fees and did not take a position on the WSBA's motion. The trial court granted the WSBA's motion.

Eugster appeals.

2

DISCUSSION

Eugster argues the trial court erred in granting the WSBA's motion for sanctions and fees below. The WSBA argues the trial court was correct, that the appeal is frivolous, and requests fees for this appeal.

The trial court found the suit frivolous for three reasons: (1) the superior court is without authority to review decisions of the Court of Appeals; (2) the suit is barred by collateral estoppel; and (3) Eugster was not entitled to declaratory judgment because the Eugster VI court did not err.

CR 11 allows sanctions where a suit lacks factual or legal basis and the person signing the complaint failed to conduct a reasonable inquiry into the factual and legal basis of the claim. Harrington v. Pailthorpe, 67 Wn. App. 901, 912, 841 P.2d 1258 (1992). RCW 4.84.185 allows attorney fees to be awarded when a suit "cannot be supported by any rational argument on the law or facts." Stiles v. Kearney, 168 Wn. App. 250, 260, 277 P.3d 9 (2012). We review a trial court's imposition of sanctions and fees for an abuse of discretion. Id. A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. Id.

Superior courts are without authority to review a ruling of the court of appeals.[1] Yurtis v. Phipps, 143 Wn. App. 680, 690, 181 P.3d 849 (2008);

---

[1] Eugster attempts to escape this rule by describing his challenge as a "direct attack" rather than a "collateral attack." His claim that CR 60(b) provides authority for such an attack is without merit. That rule allows a party to seek relief from a superior court order by filing a motion in the cause that the relief is sought. CR 60(e)(1). The rule does not confer a right to bring a separate suit for relief from a final order in another case. CR 60(c). It does not confer authority upon the

Cochrane v. Van De Vanter, 13 Wash. 323, 325-26, 43 P. 42 (1895). Eugster's suit asked the superior court to do just that, by asking it to issue a declaratory judgment that portions of the opinion of the Court of Appeals were invalid. Even if Eugster's underlying claims had merit, the superior court was without authority to grant the relief he sought. Any reasonable legal inquiry would have revealed that the suit could not be supported by a rational argument on the law.

And, Eugster's claim is barred by collateral estoppel. That doctrine bars relitigation of an issue that was actually litigated in a prior lawsuit. In re Dependency of H.S., 188 Wn. App. 654, 660, 356 P.3d 202 (2015) (collateral estoppel bars relitigation of any issue that was actually litigated in a prior lawsuit). Eugster unsuccessfully raised the same jurisdictional issue he raises here in a motion for reconsideration of Eugster VI. He cannot do so again here.

Last, Eugster's suit is frivolous because the court in Eugster VI had jurisdiction to affirm dismissal of his suit under res judicata. An appellate court may affirm the superior court on any basis the record supports. Hawkins v. EmpRes Healthcare Mgmt., LLC, 193 Wn. App. 84, 102, 371 P.3d 84 (2016). The pleadings in Eugster VI established the facts necessary for the court to consider the res judicata issue. 198 Wn. App. at 784-85.

It was not manifestly unreasonable for the trial court to determine the suit was frivolous and impose sanctions and fees on any of these three bases under either CR 11 or RCW 4.84.185.

---

superior court to review issues already decided by the Court of Appeals. RAP 12.2.

4

Eugster assigns error to the trial court's determination of the amount of fees. But, he does not provide argument in support of that contention in his opening brief. What argument he does provide is in his reply brief, which is improper. See Ainsworth v. Progressive Cas. Ins. Co., 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014) ("To address issues argued for the first time in a reply brief is unfair to the respondent and inconsistent with the rules on appeal.").

The amount of fees awarded under RCW 4.84.185 is reviewed for abuse of discretion. Highland Sch. Dist. No. 203 v. Racy, 149 Wn. App. 307, 314-15, 202 P.3d 1024 (2009). Such amount should be based on a reasonable fee and reasonable number of hours worked. Id. at 316-17. Eugster's argument against the reasonableness of the fees is to only the number of hours spent by the WSBA on the case. The WSBA provided an itemization of hours worked, which the trial court reviewed. See generally Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983) (attorney requesting fees must provide reasonable documentation of their work). Eugster fails to identify specific hours that were excessive, duplicative, or related to unsuccessful claims.[2] See Ewing v. Glogowski, 198 Wn. App. 515, 521, 394 P.3d 418 (2017) (trial court should discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time). The trial court found the amount of hours reasonable due to

---

[2] Eugster argued below that the amount of time the WSBA spent preparing a motion to dismiss was "obviously unreasonable" because the motion was only 12 pages long. He cites no authority supporting the proposition that a page count is a valid consideration in determining whether hours were excessive.

the number of issues and a comparison to fee awards in similar cases.  We find no abuse of discretion in the amount of the trial court's award.

RAP 18.9(a) allows a party to request fees for defending a frivolous appeal. An appeal is frivolous if it there are no debatable issues upon which reasonable minds may differ, and it is so totally devoid of merit that there is no reasonable probability of reversal.  <u>Foisy v. Conroy</u>, 101 Wn. App. 36, 43, 4 P.3d 140 (2000). This appeal is frivolous for the same reason that the underlying suit is frivolous.

We affirm and award the WSBA fees for this appeal.

_Appelwick, J._

WE CONCUR:

_Coburn, J._          _Dwyer, J._